**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SARAH PATELLOS and
ERIC FISHON, on behalf of
themselves and others
similarly situated,

               Plaintiffs,

vs.

HELLO PRODUCTS, LLC,

               Defendant.

CASE NO. 1:19-CV-09577-PAE

**STIPULATED PROTECTIVE ORDER**

---

The Parties agree that disclosure and discovery activity in the above-captioned litigation

may require the disclosure of documents, things, and information (collectively, "Information") in

the possession, custody, or control of Plaintiffs Sarah Patellos and Eric Fishon, Defendant Hello

Products, LLC (collectively "the Parties"), other parties if any are added to this case at a later

date, and non-parties, which may be protected under constitutional, statutory, or common law

rights to privacy, be subject to contractual restrictions, or constitute or contain trade secrets or

other confidential research, development, commercial, or proprietary Information. Without

waiver of objections to the discoverability of any documents, the Parties intend to provide a

mechanism for the discovery of relevant Information, otherwise not objectionable, in a manner

that protects all parties, including non-parties to this litigation, from the risk of disclosure of such

confidential Information.

NOW, WHEREFORE, good cause having been shown pursuant to Rule 26(c) of the

Federal Rules of Civil Procedure, the Parties in the above-captioned litigation hereby

STIPULATE AND AGREE, and the Court HEREBY ORDERS AS FOLLOWS:

1.      This Protective Order governs the handling of Information, including, but not

limited to, documents, deposition testimony and exhibits, responses to written discovery,

responses to demands for inspection, and any summaries, copies, excerpts, or descriptions of such documents and Information, produced or provided by any party or other person in response to a discovery request in this action. Each party shall serve a copy of this Protective Order on all parties or persons from whom it has or will seek discovery in this action.

2.      The Parties agree that Information obtained through discovery in this action shall be used solely by the Parties to this litigation for purposes of this action. All contractual confidentiality provisions and restrictions shall be strictly obeyed and enforced.

3.      Any party or other person producing any Information in response to a discovery request or subpoena in this action (a "Producing Party") may unilaterally and in good faith designate such Information as "Confidential" in accordance with Paragraphs 4 and 5.

4.      Good cause exists for the designation of Information as "Confidential" if the Information contained or expressed therein has not been disclosed to the public and if public disclosure of such Information is either restricted by law or would, in the good faith opinion of the Producing Party, adversely affect its business, commercial, financial or personal interests or be reasonably likely to pose a risk of harm to the Producing Party's competitive or financial position or the competitive or financial position of a non-party that is owed a duty of confidentiality by the Producing Party or contains trade secrets or other commercially sensitive, confidential research, development or commercial Information, or sensitive or personal financial Information. The protections conferred by this Protective Order do not cover the following Information: (a) any Information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Order, including becoming part of the public record or otherwise; and (b) any Information obtained by the party receiving the disclosure from a source who obtained the Information lawfully and under no obligation of confidentiality to the Producing Party.

5.      Information may be designated as "Confidential" by stamping such designation on the Information and/or making such designation in writing concurrently with the provision of the

Information. All Information designated "Confidential" ("Confidential Information") shall be treated in the manner described in Paragraphs 6 through 11 below. Each party that designates Information for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

6.      Except as provided herein, with the express written permission of the Producing Party or its counsel, or upon order of the Court, counsel shall not deliver, exhibit, or disclose any Information designated as "Confidential" to any person(s), organization(s), or group(s), except those permitted by Paragraph 7 below, and shall not discuss any such Information with any person(s), organization(s), or group(s), except those permitted by Paragraph 7 below.

7.      Information designated as "Confidential" may be used solely by the Parties to this litigation in preparation for and during the trial or mediation of this litigation. The Parties stipulate that such Information will be held in strict confidence and shall not be disclosed, except as otherwise provided herein, to any person other than:

    a.  the Defendant and the named Plaintiffs;

    b.  the Court (including appellate courts), arbitrators, mediators, court reporters, and the personnel of any of the foregoing;

    c.  "outside" and "inside" counsel to all Parties in this litigation, including "outside" and "inside" counsel of any party's members, affiliates or investors and the counsel's regular and temporary employees and service vendors;

    d.  experts and consultants (and their employees) employed by or retained by any of the Parties or their counsel who are assisting counsel in the prosecution or defense of this litigation;

    e.  during the deposition of any non-expert witness, the party conducting the deposition may only use Confidential Information if: (i) the Confidential Information was provided by itself, the witness, or the witness' employer or former employer; (ii) the witness was previously retained as a consultant or

contractor by the Producing Party; or (iii) the Producing Party agrees to the disclosure, which agreement shall only be withheld if the Producing Party has a good faith basis to believe disclosure of such information would threaten its business or individual privacy or would require breach of a third party confidentiality agreement. A party's use of its own Confidential Information during a deposition shall not constitute a waiver of the Confidentiality of that Information; and

    f.   any person mutually agreed upon by the Parties.

    8.   Each person (other than Court personnel, counsel for the Parties, and their respective legal assistants, litigation support and staff) to whom Confidential Information may be disclosed under this Protective Order shall be provided with a copy of this Protective Order and shall certify in the declaration attached as Exhibit A, prior to the time he or she receives such Information, that he or she has carefully read the Protective Order and fully understands its terms and will be bound by its terms. Counsel disclosing Confidential Information to any such person shall retain the original executed copy of the declaration.

    9.   When testimony is to be elicited during a deposition that is, or is likely to be, Confidential, persons not entitled to receive such Information under the terms of this Protective Order shall be excluded from the deposition. Deposition transcripts, or portions thereof, containing Confidential Information shall be so designated in writing no later than thirty (30) days following receipt of the final transcript from the reporter. Prior to such written designations, the entire deposition transcript shall be treated as Confidential at the request of either party. Following any written designation, those portions of the deposition transcript containing Confidential Information shall be bound separately from those portions that do not contain Confidential Information and shall be marked with the following legend:

**THIS TRANSCRIPT CONTAINS MATERIALS DESIGNATED AS CONFIDENTIAL BY COUNSEL AND COVERED BY A STIPULATED**

**PROTECTIVE ORDER - TO BE FILED WITH THE COURT UNDER SEAL.**

10.     Confidential Information is not to be filed with the Court except when required in connection with motions or other matters pending before the Court. If Confidential Information must be filed under such circumstances, Counsel may make copies of Confidential Information for the purpose of filing copies with the Court and may discuss, describe, and disclose any such Information in any document filed with the Court. However, any Confidential Information or copies thereof, or any pleading, memorandum of law, motion or other document submitted to the Court disclosing any such Confidential Information, shall be filed under seal pursuant to Rule 4(B) of this Court's Individual Rules of Practice in Civil Cases unless or until modified by Court order. Such filings, documents, exhibits or transcripts of testimony shall be filed in sealed envelopes which will be endorsed with the title and docket number of this action, an indication of the nature of the contents of such sealed envelope, and a statement substantially in the following form:

**FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER APPROVED BY THIS COURT**

Notwithstanding this paragraph, a Producing Party may choose to file its own Information with the Court, without filing under seal.

11.     Failure to designate Information as "Confidential" using the procedures described above shall not operate to waive a party's right to later so designate such material. Once such a designation is made by written notice and new copies of properly marked materials are sent to all counsel in the litigation, the Information shall be treated thereafter as "Confidential" in accordance with this Order. In the event there is an interval between the written notice and the provision of new copies of properly marked materials, the parties shall treat those documents identified in the written notice according to their new designation until such time as the properly marked materials are received.

12.     In the event a Producing Party inadvertently fails at the time of production to

assert a claim of attorney-client privilege or work product immunity as to certain Information

("Protected Documents"), such production shall not be a waiver of that privilege or work product

claim. Assertion of the privilege or work product claim shall be made by written notice as soon

as practicable after learning of the inadvertent disclosure. Within three business days after

receiving a written request from the Producing Party, the receiving party must return or destroy

the Information and make reasonable efforts to retrieve any such Information disclosed to any

third party prior to the notification, regardless of whether the receiving party contests the

Producing Party's claim of privilege or immunity. The receiving party shall not review, use, or

disclose the Information, unless the claim of privilege or protection is either withdrawn by the

Producing Party or ordered withdrawn by the Court. A party may, after conferring with opposing

counsel in a good faith effort to resolve by agreement any dispute regarding the Producing

Party's assertion of attorney-client privilege or work product immunity, contest the Producing

Party's claim of privilege or immunity by motion. The Producing Party shall bear the burden to

demonstrate that the designation was proper. Neither party shall offer evidence or argue that the

production or return of the document should be considered in ruling on the validity of the

asserted privilege.

13.    If a receiving party learns that, by inadvertence or otherwise, it has disclosed

Confidential Information or Protected Documents to any person or in any circumstance not

authorized under this Order, the receiving party must immediately (a) notify in writing the

Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

unauthorized copies of the Protected Documents, (c) provide the person or persons to whom

unauthorized disclosures were made a copy of this Order, and (d) request such person or

persons certify in the declaration attached as Exhibit A that he or she has carefully read the

Protective Order and fully understands its terms and will be bound by its terms.

14.    If a receiving party disputes whether Information is properly designated as

Confidential, or otherwise believes it is unnecessary to file the Information under seal as

contemplated by Paragraph 10, the Parties agree to attempt to resolve such issues informally. The party who disputes the designation shall provide its reason(s) in writing to the Producing Party. The Producing Party shall respond in writing with its reason(s) for its designation. The Parties will then confer and make a good faith effort to resolve the dispute informally. In the event the Parties are not able to resolve the dispute, the party who disputes the confidentiality designation may file a motion pursuant to the procedures set forth in Local Rule 37.2 and paragraph 2(c) of this Court's Individual Rules and Practices in Civil Cases to resolve the dispute. The party designating the material as Confidential shall bear the burden to demonstrate that the designation was proper. Until the matter is resolved by the Court, the receiving party will continue to treat the Information at issue as Confidential.

15.     This Order shall not be deemed a waiver of:

    a.  any party's right to object to any discovery or the production of any Information or documents;

    b.  any party's right to seek an order compelling discovery with respect to any discovery request;

    c.  any party's right to object to the admission of any evidence on any grounds in any proceeding herein; or

    d.  any party's right to use its own documents with complete discretion.

16.     Except as specifically provided in this Order, counsel shall keep all Confidential Information and Protected Documents produced to them within their exclusive possession and control, shall take all necessary and prudent measures to maintain the confidentiality of such materials and Information, and shall not permit unauthorized dissemination of such materials to anyone.

17.     Upon final resolution of this litigation, including all appeals, all Information designated as "Confidential" shall be destroyed by the party possessing the documents unless the Producing Party requests their return, in which case the documents shall be returned promptly.

After the termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. The terms of this Order may be enforced by filing a motion in this Court. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

18.     This Order may be modified by further order of the Court, or by agreement of counsel for the Parties subject to Court approval. Any such agreement shall be in the form of a written stipulation and proposed order filed with the Court.

By their signatures hereto, counsel for the Parties affirm that they have been authorized by their clients to enter into this Stipulated Protective Order and agree, on behalf of themselves, their law firms, and any staff or contract support personnel employed or retained by their firms, that they will strictly adhere to the terms of this Order.

**STIPULATED AND AGREED TO.**

Dated: June 1, 2021

Respectfully submitted,
Kirkland & Ellis LLP

*/s/ Robyn Bladow*
Robyn Bladow (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
Email: robyn.bladow@kirkland.com

Allison Buchner (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, California 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900
Email: allison.buchner@kirkland.com

Joseph Sanderson
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: joseph.sanderson@kirkland.com

*Attorneys for Defendant Hello Products, LLC*

Dated: June 1, 2021

*/s/William B. Federman*
William B. Federman
(S.D. New York #WF9124)
Molly E. Brantley, admitted *pro hac vice*
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
(405) 235-1560
(405) 239-2112 (facsimile)
wbf@federmanlaw.com
meb@federmanlaw.com

*/s/David Pastor*
David Pastor, admitted *pro hac vice*
Pastor Law Office, LLP
63 Atlantic Avenue, 3rd Fl.
Boston, MA 02110
(617) 724-9700
Dpastor@pastorlawoffice.com

*Counsel for Plaintiffs Sarah Patellos,*
*Eric Fishon, and the Proposed Classes*

**SO ORDERED.**

This 2 day of June, 2021.

By _____
Hon. Paul A. Engelmayer
United States District Judge