**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SARAH PATELLOS and
ERIC FISHON, on behalf of
themselves and others
similarly situated,

                     Plaintiffs,

    vs.

HELLO PRODUCTS, LLC,

               Defendant.

CASE NO. 1:19-CV-09577-SDA

**PLAINTIFFS' MEMORANDUM OF
LAW IN SUPPORT OF THEIR
UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
SETTLEMENT, PRELIMINARY
CERTIFICATION OF SETTLEMENT
CLASS, APPROVAL OF NOTICE
PROGRAM, AND LEAVE TO FILE
THIRD AMENDED CLASS ACTION
COMPLAINT**

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................... 1

II.     PROCEDURAL BACKGROUND AND SETTLEMENT NEGOTIATIONS ........... 2

III.    THE TERMS OF THE PROPOSED SETTLEMENT ................................................ 5

        A.     Certification of the Settlement Class ............................................................ 5

        B.     Relief for the members of the Settlement Class ........................................... 5

               1.      Monetary relief ................................................................................... 5

               3.      Equitable relief .................................................................................. 7

        C.     Release ......................................................................................................... 7

        D.     Service awards and attorneys' fees and expenses ........................................ 7

        E.     Settlement notice .......................................................................................... 8

        F.     Claims, exclusions, and objections ............................................................. 9

               1.      Claims ................................................................................................ 9

               2.      Requests for exclusion and objections ............................................. 9

IV.     LEGAL STANDARD ............................................................................................ 10

V.      ARGUMENT ......................................................................................................... 11

        A.     The Court should preliminarily certify the Settlement Class ..................... 11

               1.      The Settlement Class meets all prerequisites of Rule 23(a) of the
                       Federal Rules of Civil Procedure ..................................................... 11

                       a.      Numerosity ............................................................................ 12

                       b.      Commonality.......................................................................... 12

                       c.      Typicality............................................................................... 13

                       d.      Adequacy of representation ................................................... 13

               2.      The Settlement Class meets the requirements of Rule 23(b)............ 14

a.     Common legal and factual questions predominate in this action ........................................................................ 14

b.     A class action is the superior means to adjudicate Plaintiffs' claims ........................................................................ 15

B.     The Court should approve the proposed notice plan ..................................... 16

VI.     CONCLUSION .............................................................................. 18

## **TABLE OF AUTHORITIES**

**Cases**                                                                       **Page(s)**

*Amchem Products, Inc. v. Windsor*,

    521 U.S. 591 (1997) ................................................................................ 14, 15

*Charron v. Wiener*,

    731 F.3d 241 (2d Cir. 2013) ............................................................................ 14

*Fogarazzao v. Lehman Bros., Inc.*,

    232 F.R.D. 176 (S.D.N.Y. 2005) ..................................................................... 13

*Hadel v. Gaucho, LLC,*

    2016 U.S. Dist. LEXIS 33085 (S.D.N.Y. Mar. 14, 2016) ............................... 10

*Handschu v. Special Servs. Div.*,

    787 F.2d 828 (2d Cir. 1986) ............................................................................ 17

*Hernandez v. Merrill Lynch & Co., Inc.*,

    2012 U.S. Dist. LEXIS 165771 (S.D.N.Y. Nov. 15, 2012) .............................. 11

*In re Nassau Cty. Strip Search Cases*,

    461 F.3d 219 (2d Cir. 2006) ............................................................................ 15

*In re Nissan Radiator*,

    2013 U.S. Dist. LEXIS 116720 (S.D.N.Y. May 30, 2013) .............................. 13

*Kelen v. World Fin. Network Nat. Bank*,

    295 F.R.D. 87 (S.D.N.Y. 2013) ....................................................................... 12

*Manley v. Midan Rest. Inc.*,

    2016 U.S. Dist. LEXIS 43571 (S.D.N.Y. Mar. 30, 2016) ............................... 11

*Marisol A. v. Giuliani*,

    126 F.3d 372 (2d Cir. 1997) ............................................................................ 13

*McReynolds v. Richards-Cantave*,

    588 F.3d 790 (2d Cir. 2009) ............................................................................ 10

*Meredith Corp. v. SESAC, LLC*,

    87 F. Supp. 3d 650 (S.D.N.Y. 2015) .............................................................. 16

*Robidoux v. Celani*,

    987 F.2d 931 (2d Cir. 1993) ............................................................................ 13

*Springer v. Code Rebel Corp.*, No. 16-cv-3492 (AJN),

    2018 U.S. Dist. LEXIS 61155 (S.D.N.Y. Apr. 10, 2018) .............................. 10

*Sykes v. Mel S. Harris & Associates LLC*,

    780 F.3d 70 (2d Cir. 2015) .............................................................................. 12

*Tart v. Lions Gate Entm't Corp.*,

    2015 WL 5945846 (S.D.N.Y. Oct. 13, 2015 ............................................. 15, 16

*Vargas v. Capital One Fin. Advisors*,

    2014 U.S. App. LEXIS 4689 (2d Cir. 2014) .................................................. 17

*Wal-Mart Stores, Inc. v. Dukes*,

    564 U.S. 338 (2011) ........................................................................................ 12

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,

    396 F.3d 96 (2d Cir. 2005) ................................................................. 10, 11, 17

*Zeltser v. Merrill Lynch & Co.*,

    2014 WL 4816134 (S.D.N.Y. Sept. 23, 2014) ............................................... 16

**Rules**

Fed. R. Civ. P. 23 ................................................................................................ 18

Fed. R. Civ. P. 23(a)(1) ........................................................................................ 12

Fed. R. Civ. P. 23(a)(2) ........................................................................................ 12

Fed. R. Civ. P. 23(a)(3) ........................................................................................ 13

Fed. R. Civ. P. 23(a)(4) ........................................................................................ 13

Fed. R. Civ. P. 23(b)(3) .................................................................................. 14, 15

Fed. R. Civ. P. 23(c) .............................................................................................. 2

Fed. R. Civ. P. 23(c)(2)(B) ................................................................................... 17

Fed. R. Civ. P. 23(e) ........................................................................................ 2, 17

Rule 23(a) and Rule 23(b)(3) .......................................................................... 11, 16

Rule 23(b)(1), (2), or (3) ...................................................................................... 14

Rule 23(b)(1), (b)(2), or (b)(3) ............................................................................. 16

Rule 23(c)(3) ....................................................................................................... 17

Rule 23(e)(1) of the Federal Rules of Civil Procedure ........................................... 10

Rule 23(e)(1)(B) .................................................................................................. 16

Rule 23(e)(3) ....................................................................................................... 10

**Other Authorities**

Manual For Complex Litigation (Fourth) § 21.312 (2004) ....................................... 16

Manual for Complex Litigation (Third) § 30.42 (1995) ........................................... 11

Plaintiffs[1] Sarah Patellos and Eric Fishon ("Plaintiffs"), on behalf of themselves and others similarly situated, respectfully submit this memorandum of law in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Preliminary Certification of Settlement Class, Approval of Notice Program, and Leave to File Third Amended Class Action Complaint (the "Motion").[2]

## I.  INTRODUCTION

This case arises from Plaintiffs' claims asserted on behalf of a New York class that Defendant, Hello Products, LLC ("Hello" or "Defendant") deceptively and misleadingly labeled and marketed its line of oral care products containing activated charcoal (the "Products"), and made materially misleading claims and omissions in connection with the sale of the Products.[3]

The final product of the Plaintiffs' investigation, litigation efforts, informal discovery, and arm's-length negotiations between proposed Class Counsel[4] and Defense Counsel, including two Zoom settlement conferences with Magistrate Judge Stewart D. Aaron, is a settlement that provides an excellent result—and certainly fair and adequate relief—for Settlement Class Members. For the reasons given herein, Plaintiffs respectfully request that the Court grant preliminary approval of the Settlement and certification of the Settlement Class, allow the

---

[1] Unless otherwise indicated, capitalized terms shall have the meaning that the Class Action Settlement Agreement ascribes to them.  *See generally* Class Action Settlement Agreement (filed concurrently herewith as Exhibit 2 to the Declaration of William B. Federman ("Federman Dec."), filed herein as Exhibit A) ("Agr."). The terms "Class Action Settlement Agreement" and "Settlement Agreement" as used herein both refer to the Class Action Settlement Agreement, Exhibit 2 to Exhibit A.

[2] The arguments contained in this brief are made for settlement purposes only. Defendant has informed Plaintiffs that: (i) It reserves its right to argue that class certification would be improper if this case proceeded on the merits, and that the elements necessary for class certification are not met in this case, (ii) Although the parties have agreed to propose a settlement on behalf of a nationwide class, Defendant reserves its right to argue that this Court should not preside over a proposed nationwide class for any purpose other than settlement, and (iii) Although Defendant supports preliminary approval and has reviewed this brief as to form, it reserves its right to contest any representations made by Plaintiffs herein as they relate to the merits of the lawsuit or the elements of class certification.

[3] *See generally* Second Amended Class Action Complaint, ECF No. 21.

[4] The Plaintiffs propose that their Counsel, Federman & Sherwood and Pastor Law Office, LLP, be appointed Class Counsel, with Federman & Sherwood appointed as Lead Class Counsel.

Settlement Administrator to provide notice to the Settlement Class Members, and to schedule a Fairness Hearing to consider final approval of the Settlement. *See* Fed. R. Civ. P. 23(e); Fed. R. Civ. P. 23(c). Plaintiffs also respectfully request leave to file their Third Amended Class Action Complaint, which is attached as Exhibit C to the Class Action Settlement Agreement.[5]

## II.    PROCEDURAL BACKGROUND AND SETTLEMENT NEGOTIATIONS

After a preliminary investigation, Plaintiff Sarah Patellos filed her initial Complaint on October 16, 2019, alleging that through advertising its Products, Defendant made material misrepresentations as to the safety and efficacy of the Products. Complaint, ECF No. 1, ¶ 10.[6]

Plaintiffs Eric Fishon and Sarah Patellos then filed their First Amended Class Action Complaint on February 28, 2020 (ECF No. 6). On June 26, 2020, Defendant filed a motion to dismiss all causes of action brought by Plaintiffs, to which Plaintiffs responded by filing their Second Amended Complaint on July 17, 2020. *See* Motion to Dismiss (ECF No. 18) and Second Amended Class Action Complaint (ECF No. 21). Defendant then filed a second motion to dismiss on September 4, 2020 (ECF No. 26), again challenging all causes of action brought by Plaintiffs. Plaintiffs filed their response in opposition on September 17, 2020 (ECF No. 28). The Court entered its Order denying the second motion to dismiss in part on March 4, 2021 (ECF No. 30), finding that Plaintiffs' claims for breach of express warranty, intentional misrepresentation/fraud, and New York General Business Law claims survived.

The Parties then entered into the discovery phase: they filed a protective order (ECF No. 45) and a protocol for electronically stored information (ECF No. 47), served initial disclosures,

---

[5] The Third Amended Class Action Complaint names additional plaintiffs, who are referred to as "Other Claimants" in the Settlement Agreement and encompasses the complete set of products at issue. The Parties entered into a tolling agreement on July 8, 2021 that tolled the statutes of limitations for the claims of the Other Claimants. Further, the Third Amended Class Action Complaint asserts claims made on behalf of a nationwide class. The Third Amended Class Action Complaint is alternatively referred to as the "Third Amended Complaint" in the Settlement Agreement and accompanying documents.
[6] Defendant denies all allegations.

and propounded discovery requests. The Parties thereafter met in person and began discussing the potential for early resolution and began learning the strengths and perceived weaknesses of each side's arguments. The Parties exchanged information including documents and legal arguments and sought a stay of formal discovery in order to focus on early resolution. Although the Parties made some progress, they eventually requested that the Court refer this matter to a settlement conference (ECF No. 48). On October 14, 2021, this matter was referred to Magistrate Judge Stewart D. Aaron for a settlement conference (ECF No. 49). In preparation for the settlement conference the Parties continued their investigation of the facts and analyzed the relevant legal issues regarding the claims and defenses asserted. Federman Dec., ¶ 7 (attached hereto as **Exhibit A**). As part of these efforts, Defendant continued to provide requested information and documents to Counsel for Plaintiffs that allowed Counsel to further evaluate the claims and defenses and assess the value of the claims alleged on behalf of the Class. *Id*. at ¶ 8. To further assist in negotiations, prior to the settlement conference the Parties exchanged a term sheet outlining potential terms for a possible settlement. *Id*. at ¶ 9. Proposed Lead Class Counsel and Defense Counsel met in Los Angeles to discuss the term sheet. *Id*.

On December 14, 2021, the Parties attended a settlement conference with Magistrate Judge Stewart D. Aaron. The Parties met again for a second settlement conference on December 16, 2021. The Parties agreed to a nationwide settlement following a confidential mediator's proposal from Judge Aaron. *Id*. at ¶ 10.  On January 14, 2022, the Parties submitted a joint letter to the Court requesting that the case be reopened for settlement purposes (ECF No. 62). The request was granted (ECF No. 63).

After agreeing to the essential settlement terms, the Parties began memorializing and negotiating the details of the Class Action Settlement Agreement. Federman Dec. at ¶ 10. This

began another round of comprehensive negotiations in which each aspect of the Class Action Settlement Agreement was negotiated at length. *Id.* During this process, three class action notice specialists—Simpluris, Inc. ("Simpluris"), Kroll Settlement Administration, and KCC, LLC— were solicited for bids and information related to their services as notice providers and settlement administrators in this case. *Id.* at ¶ 11. After reviewing the bids and a further round of negotiations, the Parties selected experienced class notice specialist Simpluris to advise the Parties and to design the specifics of a Notice and claims administration program, the total cost of which was agreed to be $231,074.10. *Id.* at ¶ 12. The Notice Program and each document comprising the Notice were designed to make them easy to read and understand, as well as maximize the likelihood of broad proposed Settlement Class Member participation in the Claims process. *Id.* at ¶ 13.

Pursuant to the agreed-upon Settlement terms, Plaintiffs seek leave to file their Third Amended Class Action Complaint, which is attached as **Exhibit C** to the Class Action Settlement Agreement, filed herein as **Exhibit 2** to the Federman Dec. (filed herein as **Exhibit A**).

On June 10, 2022 after extensive further negotiations the Parties finalized and executed the Class Action Settlement Agreement. Federman Dec., ¶ 14. The Parties only reached settlement after engaging in a significant exchange of information, confirmatory discovery, and arm's-length negotiations, including two settlement conferences with Magistrate Judge Stewart D. Aaron. *Id.* at ¶ 16. Plaintiffs' objectives in filing the Action were to remedy the allegedly deceptive representations made on Defendant's labeling and compensate Settlement Class Members damaged by the alleged misrepresentations. *See generally,* Second Am. Compl. (ECF No. 21). Through the Class Action Settlement Agreement, Plaintiffs have achieved the objective of providing significant benefits for the Settlement Class Members, especially in light of the substantial risks the Parties would face if the Action progressed. As discussed *infra*, the

Settlement confers substantial benefits upon the Settlement Class Members. Class Counsel have evaluated the Settlement and determined it is fair, reasonable, and adequate to resolve Plaintiffs' grievances and is in the best interest of the Settlement Class. Federman Dec., ¶ 23.

## III.    THE TERMS OF THE PROPOSED SETTLEMENT

The Class Action Settlement Agreement defines the Settlement Class, describes the Parties' agreed-upon Settlement relief, and proposes a plan for disseminating notice to the Settlement Class members.

### A.    Certification of the Settlement Class

Under the Class Action Settlement Agreement, the Parties agree to seek certification of a nationwide Settlement Class defined as follows:

> All purchasers of the Products from the time the Products launched until the date the Court enters an order preliminarily approving the Settlement Agreement.

Agr., ¶ 2.33. Specifically excluded from the Settlement Class are: Hello and its affiliates, employees, officers, directors, agents, representatives and their immediate family members, Defense Counsel, Class Counsel, the judge and the magistrate judge who have presided over the Action, and their immediate family members. *Id.*

### B.    Relief for the members of the Settlement Class

The Class Action Settlement Agreement negotiated on behalf of Plaintiffs and the Settlement Class provides for significant injunctive and monetary relief.

#### 1.    Monetary relief

With respect to monetary relief, the Class Action Settlement Agreement provides a non-reversionary Settlement Fund in the amount of $1,400,000.00. Agr., ¶ 2.35. The Settlement Fund will be used to make all Court-approved Settlement payments, including without limitation the

Cash Awards, Notice and Administration Costs (except the additional contribution by Defendant with respect to the Notice Costs), Attorneys' Fee and Expense Award, and any Service Award. Hello will also directly pay Notice Costs of up to $100,000.00 to the Settlement Administrator on an as-incurred basis. Hello's total potential financial contribution and commitment under the Settlement and Settlement Agreement is $1,500,000. *Id.*, ¶ 4.01.

Importantly, the Class Action Settlement Agreement provides Settlement Class Members who submit a timely and valid Claim Form with compensation regardless of whether they can provide a proof of purchase.

An Authorized Claimant will be entitled to receive a payment of approximately $6.00 from the Settlement Fund for each Product the Authorized Claimant purchased during the Class Period. Settlement Class Members who have proof of their purchases and provide such proof with a timely and properly submitted Claim Form will be permitted to make claims for up to ten (10) Products. Each household may only submit one Claim Form. *Id.*, ¶ 4.02.[7] No proof of purchase will be required beyond a timely and properly submitted Claim Form, provided such claim includes an attestation to the purchase(s) under penalty of perjury. Settlement Class Members without proof of purchase will be permitted to make claims for a maximum of five (5) Products.

Here, Plaintiffs alleged that the average price of Defendant's non-charcoal products is $4.99, and that the price premium for the Products is approximately one to two dollars (Second Am. Compl., ¶ 128). Accordingly, the approximate $6.00 per package recovery provides consumers with or without proof of purchase a much higher amount than the damages they could be expected to win at trial. Federman Dec., ¶ 18.

---

[7] Subject to the terms of the Settlement Agreement, Settlement Class Members will receive a pro rata adjustment upward or downward depending on the number of Valid Claims submitted and the amount of the Net Settlement Fund, to be calculated by the Settlement Administrator.

### 3.  Equitable relief

The Class Action Settlement Agreement also provides for important, focused injunctive relief. Hello agrees to the following actions to remain in effect for two (2) years following entry of the Final Approval Order: (1) it will not make any claims on packaging for the Charcoal Toothpastes that are not supported or as required by law; (2) it will not represent that activated charcoal is as a standalone ingredient a "detoxifier," although Hello may continue to represent that its Charcoal Toothpastes detoxify bad breath, and (3) it will operate a telephone line, messaging system or other mechanism for consumers with questions, complaints or concerns about use of the Products. Agr., ¶ 4.04.

### C.  Release

The release is tailored to the claims that have been pled or could have been pled in this case. *Id.*, ¶ 2.27. Settlement Class Members who do not exclude themselves from the Settlement Agreement will release all claims, whether known or unknown, against Defendant. *Id.* at ¶ 11.03.

### D.  Service awards and attorneys' fees and expenses[8]

Defendant has agreed not to oppose an application for payment of Class Representative Service Awards of up to $3,500.00 each to Plaintiffs Patellos and Fishon to compensate them for the actions they took in their capacities as class representatives. *Id.* at ¶ 5.01. Defendant has further agreed not to oppose an application for payment of service awards of $350.00 each to the Other Claimants as defined in the Settlement Agreement. *Id.* The Service Awards are to be paid from the Settlement Fund. *Id.*

Defendant has also agreed not to oppose an application by Class Counsel for attorneys'

---

[8] Plaintiffs propose to file a separate application for award of service awards and attorneys' fees and expenses thirty-five (35) days prior to the Fairness Hearing.

fees not to exceed 30% of the Settlement Fund, plus reasonable expenses incurred in the Action, which, if approved by the Court, shall be payable from the Settlement Fund and shall constitute the sole payment for Class Counsel. *Id.* at ¶ 5.02. However, the Settlement is not dependent or conditioned upon the Court approving Plaintiffs' and Class Counsel's requests for Service Awards and attorneys' fees or awarding the amounts they seek. In the event the Court declines the requests or awards less than the amounts sought, the Settlement will still be effective and enforceable by the Parties. *Id.* at ¶ 5.03.

### E.      Settlement notice

The Parties have agreed to propose that the Court appoint Simpluris  to administer  the Notice Program as outlined in Section 8 of the Class Action Settlement Agreement and explained in more detail in the Declaration of the Settlement Administrator, attached hereto as **Exhibit B** ("Kamenir Dec.").

In terms of the methods of notice, Simpluris will provide direct notice to those for whom contact information is available. The Parties also developed a robust media-based notice program with  the  assistance  of  Simpluris  that  includes:  (1)  targeted  digital  advertising  published  on internet sites, including social media platforms, Google searches, and website banner ads; (2) a dedicated Settlement Website through which Settlement Class Members  can  submit  a  claim, obtain  more  detailed  information  about  the  Settlement,  and  access  case  documents;  and  (3)  a toll-free  telephone  helpline  through  which  Settlement  Class  Members  can  obtain  additional information about the Settlement and request the class notice and/or a Claim Form. *See* Kamenir Dec., ¶¶ 11-22. The Notice Plan has been designed to reach an estimated 80% of  Settlement Class Members, consistent with Rule 23 and settlement administration best practices. *Id.* at ¶ 23.

Under the Class Action Settlement Agreement, the Settlement Website will provide links

to Settlement-related and case-related documents such as the Class Action Settlement Agreement, Claim Form, and the Preliminary Approval Order. Agr., ¶ 9.04. The Settlement Website will also include procedural information regarding the status of the Court approval process. *Id.*

### F.    Claims, exclusions, and objections

#### 1.    Claims

The timing of the claims process is designed to give Settlement Class Members adequate time to access and review notice documents, determine whether they would like to make a claim, opt-out or object, and gather any supporting documents necessary to do so. Federman Dec., ¶ 24. Class Members will have ninety (90) days after the Settlement Notice Date to complete and submit their Claim Form to the Claims Administrator, either by mail or online. Agr., ¶¶ 2.09, 8.04. The Notices and Claim Form (filed herein as **Exhibits B** and **A**, respectively, to the Class Action Settlement Agreement, filed herein as **Exhibit 2** to **Exhibit A**) are written in plain language to facilitate Settlement Class Members' ease in completing the Claim Form. *See* Federman Dec., ¶ 25. To allow for the maximum convenience to Settlement Class Members, claims may be submitted online. Agr., ¶ 8.04. The Settlement Administrator is tasked with the responsibility of reviewing and determining the validity of the claims. *Id.* at ¶¶ 8.01, 8.02.

#### 2.    Requests for exclusion and objections

The timing of the exclusion and objection process is similarly structured to give Settlement Class Members the ability to assess their options. Federman Dec., ¶ 26. Settlement Class Members will have up to and including forty-five days (45) following the Settlement Notice Date to object to or to submit a request for exclusion from the Settlement. *Id.*; Agr., ¶ 2.22. The process for exclusion and objections is clearly outlined in both the Class Action Settlement Agreement and Notice documents. *See* Federman Dec., ¶ 26 (**Exhibit A**); Class Action Settlement Agreement

(**Exhibit 2** to **Exhibit A**); Class Notice (**Exhibit B** to **Exhibit 2** to **Exhibit A**); Agr., ¶ 10.

## IV.    LEGAL STANDARD

Under Rule 23(e)(1) of the Federal Rules of Civil Procedure, as amended in December 2018, a court may preliminarily approve a class action settlement such that notice may be disseminated to class members if the Court will likely be able to find "that [the settlement agreement] is fair, reasonable, and adequate" after considering whether:

(A)    the class representatives and class counsel have adequately represented the class;

(B)    the proposal was negotiated at arm's length;

(C)    the relief provided for the class is adequate, taking into account:

(i)    the costs, risks, and delay of trial and appeal;

(ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii)    the terms of any proposed award of attorney's fees, including timing of payment; and

(iv)    any agreement required to be identified under Rule 23(e)(3); and

(D)    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(1).

The Second Circuit has recognized a "strong judicial policy in favor of settlements, particularly in the class action context." *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009). "The compromise of complex litigation is encouraged by the courts and favored by public policy." *Springer v. Code Rebel Corp.*, No. 16-cv-3492 (AJN), 2018 U.S. Dist. LEXIS 61155, at *7 (S.D.N.Y. Apr. 10, 2018) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 117 (2d Cir. 2005) ("*Visa*")); *see also Hadel v. Gaucho*, LLC, 2016 U.S. Dist. LEXIS 33085,

at *4 (S.D.N.Y. Mar. 14, 2016) ("Courts encourage early settlement of class actions, when warranted, because early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere."). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Visa* at 116 (quoting Manual for Complex Litigation (Third) § 30.42 (1995)).

"Preliminary approval is the first step in the settlement of a class action whereby the court must preliminarily determine whether notice of the proposed settlement . . . should be given to class members in such a manner as the court directs, and an evidentiary hearing scheduled [later] to determine the fairness and adequacy of settlement." *Manley v. Midan Rest. Inc.*, 14 Civ. 1693, 2016 U.S. Dist. LEXIS 43571, at *21 (S.D.N.Y. Mar. 30, 2016). Courts often grant preliminary settlement approval without requiring a hearing or a court appearance. *Id.*, *see also Hernandez v. Merrill Lynch & Co., Inc.*, 2012 U.S. Dist. LEXIS 165771 (S.D.N.Y. Nov. 15, 2012) (granting preliminary approval of class action settlement based on plaintiffs' memorandum of law, attorney declaration, and exhibits).

## V.     ARGUMENT

### A.     The Court should preliminarily certify the Settlement Class

As set forth below, the proposed Settlement Class satisfies all the requirements of Rule 23(a) and Rule 23(b)(3).

#### 1.     The Settlement Class meets all prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure

Fed. R. Civ. P. 23(a) has four prerequisites for certification of a class: (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequate representation. Fed. R. Civ. P. 23(a). The Settlement Class meets each prerequisite of Fed. R. Civ. P. 23(a).

### a. Numerosity

Under Fed. R. Civ. P. 23(a)(1), plaintiffs must show that the proposed class is "so numerous that joinder of all [its] members is impracticable." Fed. R. Civ. P. 23(a)(1). In the Second Circuit, "a proposed class of more than forty members presumptively satisfies the numerosity requirement…." *Kelen v. World Fin. Network Nat. Bank*, 295 F.R.D. 87, 92 (S.D.N.Y. 2013) (collecting cases). Here, based upon production provided by Hello related to its sales figures, the Settlement Class is estimated to include approximately 650,000 households, or 1.3 million consumers. Federman Dec., ¶ 27. Accordingly, numerosity is satisfied.

### b. Commonality

Under Fed. R. Civ. P. 23(a)(2), Plaintiffs must show that "questions of law or fact common to the [proposed] class" exist. Fed. R. Civ. P. 23(a)(2). Commonality requires that the proposed class members' claims all centrally "depend upon a common contention," which "must be of such a nature that it is capable of class wide resolution," meaning that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "[F]or purposes of Rule 23(a)(2) even a single common question will do[.]" *Id.* at 359 (citations omitted). Plaintiffs need only show that their injuries stemmed from Defendant's "unitary course of conduct." *Sykes v. Mel S. Harris & Associates LLC*, 780 F.3d 70, 85 (2d Cir. 2015). Here, common questions include, but are not limited to: (1) whether Hello issued express warranties concerning the Products; (2) whether those affirmations of fact or promises were made to members of the Class; (3) whether Hello engaged in deceptive acts and practices in violation of state and federal laws; (4) whether Hello engaged in false advertising in violation of state and federal laws; and (5) whether Hello intentionally misrepresented the benefits and effectiveness of the Products. As a result, commonality is satisfied

for settlement purposes.

### c.    Typicality

Under Fed. R. Civ. P. 23(a)(3), Plaintiffs must show that the proposed class representatives' claims "are typical of the [class] claims." Fed. R. Civ. P. 23(a)(3). Plaintiffs must show that "the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented." *Robidoux v. Celani*, 987 F.2d 931, 936-937 (2d Cir. 1993). "[D]ifferences in the degree of harm suffered, or even in the ability to prove damages, do not vitiate the typicality of a representative's claims." *In re Nissan Radiator*, No. 10 CV 7493, 2013 U.S. Dist. LEXIS 116720, at *53 (S.D.N.Y. May 30, 2013); *Fogarazzao v. Lehman Bros., Inc.*, 232 F.R.D. 176, 180 (S.D.N.Y. 2005) ("The typicality requirement is not demanding."). Here, typicality is met because the same allegedly unlawful conduct by Defendant was directed at, or affected, Plaintiffs and the members of the proposed Settlement Class. *Robidoux*, 987 F.2d at 936–37. Plaintiffs allege that they and all members of the Settlement Class purchased the Product based upon Defendant's false advertising and promises, and that the Products did not meet their expectations. In addition, Plaintiffs assert that Defendant's alleged conduct that gave rise to these claims is the same for all Class Members. Typicality requires nothing more.

### d.    Adequacy of representation

Under Fed. R. Civ. P. 23(a)(4), Plaintiffs must show that the proposed class representatives will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Plaintiffs must demonstrate that: (1) the class representatives do not have conflicting interests with other class members; and (2) class counsel is "qualified, experienced and generally able to conduct the litigation." *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997).

To satisfy the first requirement, Plaintiffs must show that "the members of the class possess

the same interests" and that "no fundamental conflicts exist" between a class's representative(s) and its members. *Charron v. Wiener*, 731 F.3d 241, 249 (2d Cir. 2013). Here, Plaintiffs possess the same interests as the proposed Settlement Class Members because Plaintiffs and the Settlement Class Members who purchased Hello's Products were all allegedly injured in the same manner in that they purchased the Products based on promises and warranties made by Defendant and that the Products did not, and could not, work as advertised.

With respect to the second requirement, Plaintiffs have retained counsel competent and experienced in complex class action litigation (including consumer class action litigation), and Plaintiffs are committed to prosecute this action vigorously. Counsel have invested considerable time and resources into the prosecution of the Action and possess a long and proven track record of the successful prosecution of consumer class actions, including numerous appointments as class counsel. *See* Federman Dec., ¶4.

### 2.       The Settlement Class meets the requirements of Rule 23(b)

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Plaintiffs seek certification under Fed. R. Civ. P. 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### a.       Common legal and factual questions predominate in this action

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc.*, 521 U.S. at 623 (citation omitted). The Second Circuit has held that "to meet the predominance requirement…a

plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, predominate over those issues that are subject only to individualized proof." *In re Nassau Cty. Strip Search Cases*, 461 F.3d 219, 227–28 (2d Cir. 2006) (citations omitted). In the context of a request for settlement-only class certification, concerns about whether individual issues "would present intractable management problems" at trial drop out because "the proposal is that there be no trial." *Amchem Products, Inc.*, 521 U.S. at 620. As a result, "the predominance inquiry will sometimes be easier to satisfy in the settlement context." *Tart v. Lions Gate Entm't Corp.*, 2015 WL 5945846 at *4 (S.D.N.Y. Oct. 13, 2015) (citation omitted).

Here, for settlement purposes, the central common questions predominate over any questions that may affect individual Settlement Class Members. The central common questions include: (1) whether Hello issued express warranties concerning its products; (2) whether those affirmations of fact or promises were made to members of the Class; (3) whether Hello engaged in deceptive acts and practices in violation of state and federal laws; (4) whether Hello engaged in false advertising in violation of state and federal laws; and (5) whether Hello intentionally misrepresented the benefits and effectiveness of the Products. These issues are subject to "generalized proof" and "outweigh those issues that are subject to individualized proof." *In re Nassau Cty. Strip Search Cases*, 461 F.3d at 227-28 (citation omitted). The Settlement Class meets the predominance requirement for settlement purposes.

### b.    A class action is the superior means to adjudicate Plaintiffs' claims

Fed. R. Civ. P. 23(b)(3) also requires that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, the class action mechanism is superior to individual actions for numerous reasons. First, "[t]he

potential class members are both significant in number and geographically dispersed" and "[t]he interest of the class as a whole in litigating the many common questions substantially outweighs any interest by individual members in bringing and prosecuting separate actions." *Meredith Corp. v. SESAC, LLC*, 87 F. Supp. 3d 650, 661 (S.D.N.Y. 2015) (citation omitted).

Additionally, a class action settlement is superior here because "it will conserve judicial resources" and "is more efficient for Class Members, particularly those who lack the resources to bring their claims individually." *Zeltser v. Merrill Lynch & Co.*, 2014 WL 4816134 at *3 (S.D.N.Y. Sept. 23, 2014) (citation omitted). Because of the relatively small cost of each Product, the expense and burden of litigation make it virtually impossible for the Settlement Class Members to seek redress on an individual basis. By contrast, in a class action, the cost of litigation is spread across the entire class, thereby making litigation and recovery economically viable. *See, e.g., Tart,* 2015 WL 5945846 at *5. "Employing the class device here will not only achieve economies of scale for Class Members, but will also conserve judicial resources and preserve public confidence in the integrity of the system by avoiding the waste and delay repetitive proceedings and preventing inconsistent adjudications." *Zeltser*, 2014 WL 4816134 at *3 (citations omitted). For all of the foregoing reasons, a class action settlement is superior to individual suits. The requirements of Rule 23(a) and Rule 23(b)(3) are satisfied, and the Court should preliminarily certify the Settlement Class.

### B.    The Court should approve the proposed notice plan

"Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise' regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.312 (2004). "The standard for the adequacy of a settlement

notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 113 (2d Cir. 2005) (citations omitted). The Court has broad power over approving procedures to use for providing notice so long as the procedures are consistent with the standards of reasonableness imposed under the due process clauses in the U.S. Constitution. *Handschu v. Special Servs. Div.*, 787 F.2d 828, 833 (2d Cir. 1986) ("[T]he district court has virtually complete discretion as to the manner of giving notice to class members.").

Courts "must direct to class members the best notice that is practicable under the circumstances." *Vargas v. Capital One Fin. Advisors*, 2014 U.S. App. LEXIS 4689, at *26 (2d Cir. 2014) (summary order). Here, the proposed Notice Program meets the requirements of due process that Fed. R. Civ. P. 23(c)(2)(B) requires, and the various Settlement Notices and Claim Form provide information written in easy-to-understand plain language regarding: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who request exclusions; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). "There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Wal-Mart Stores, Inc.*, 396 F.3d at 114.

The proposed Notice Program here involves direct notice through email and mail for those Class Members for whom contact information is available. Kamenir Dec., ¶ 10. In addition, the

Settlement Administrator will implement a supplemental digital notice program designed to reach the Class Members, including those that may not receive direct notice. *Id.* at ¶¶ 11-15. The Notice Program also includes the establishment of a Settlement Website that enables or facilitates Class Members to read the Settlement Notice and FAQs and important case documents (e.g., Class Action Settlement Agreement, Order Granting Preliminary Approval, etc.); and obtain updates on the status of the Settlement and facilitate the filing of claims. *Id.* at ¶¶ 16-18. The settlement website will launch on the Settlement Notice Date and be maintained for sixty (60) days following the Effective Date. Agr., ¶ 9.04.

Plaintiffs' proposed Notice Program is specifically designed to identify the Settlement Class; explain Class Members' rights and the benefits offered by the Settlement, the scope and impact of Released Claims, and the applicable deadlines for objecting and opting out. The Notice Program also describes in detail the relief provided by the Settlement, plainly indicates the time and place of the Fairness Hearing, and details the attorneys' fees, costs and service award requested. As such, the settlement notice is adequate and comports with requirement of Fed. R. Civ. P. 23 and due process. Federman Dec., ¶ 28.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court: (1) certify the Settlement Class and appoint Plaintiffs as the class representatives and their counsel as Class Counsel; (2) preliminarily approve the Class Action Settlement Agreement; (3) approve the Notice Program; (4) set a date and time for the Final Approval Hearing; and (5) grant leave to file the Third Amended Class Action Complaint. A proposed Order granting this Motion (which includes a schedule through final approval) is attached as **Exhibit D** to the Class Action Settlement Agreement.

Dated: June 10, 2022                    Respectfully submitted,

                                        /s/ *William B. Federman*
                                        William B. Federman
                                        (S.D. New York #WF9124)
                                        Molly E. Brantley, admitted *pro hac vice*
                                        FEDERMAN & SHERWOOD
                                        10205 N. Pennsylvania Ave.
                                        Oklahoma City, Oklahoma 73120
                                        (405) 235-1560
                                        (405) 239-2112 (facsimile)
                                        wbf@federmanlaw.com
                                        meb@federmanlaw.com

                                        David Pastor, admitted *pro hac vice*
                                        Pastor Law Office, LLP
                                        63 Atlantic Avenue, 3rd Fl.
                                        Boston, MA 02110
                                        (617) 724-9700
                                        Dpastor@pastorlawoffice.com

                                        *Counsel for Plaintiff Sarah Patellos,*
                                        *Plaintiff Eric Fishon, and the*
                                        *Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2022, a copy of the foregoing pleading was filed electronically with the Clerk of Court to be served by operation of the court's electronic filing system to all counsel of record.

                                        /s/ *William B. Federman*