USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_6/15/2022_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SARAH PATELLOS and ERIC FISHON, on behalf of themselves and others similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>HELLO PRODUCTS, LLC,<br><br>                    Defendant. | 19-CV-09577-SDA<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTION OF <u>NOTICE UNDER RULE 23(e)</u>** |

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement and Direction of Notice Under Rule 23(e) (the "Motion"). Plaintiffs Sarah Patellos and Eric Fishon (collectively, "Plaintiffs") and Defendant Hello Products, LLC ("Hello") have entered into a Class Action Settlement Agreement, dated June 10, 2022 (the "Settlement Agreement"). Having thoroughly reviewed the Settlement Agreement, including the proposed forms of class notice and other exhibits thereto, the Motion, and the papers and arguments in connection therewith, THE COURT HEREBY FINDS, CONCLUDES, AND ORDERS THE FOLLOWING:

1.      Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C § 1332(d) and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

3.      The Motion is GRANTED.

4.      The Court hereby provisionally certifies, for settlement purposes only, the Settlement Class, pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, consisting of all purchasers of the Products from the time the Products launched until the date of this Order. The  following  individuals are excluded from the Settlement Class: (1) Hello and its affiliates, employees, officers, directors, agents, representatives and their immediate family members; and (2) Defense Counsel, Class Counsel, the judge and the magistrate judge who have presided over the Action, and their immediate family members.

5.      The Court hereby preliminarily approves the Settlement Agreement and the terms embodied therein pursuant to Rule 23(e)(1). The Court finds that it will likely be able to approve the Settlement Agreement under Rule 23(e)(2) and to certify the Settlement Class for purposes of judgment on the proposed Settlement. The Court preliminarily finds that the Settlement is fair, reasonable, and adequate as to the Settlement Class Members under the relevant considerations. The Court finds that Plaintiffs and proposed Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class. The Court further finds that the Settlement Agreement is the product of arm's length negotiations by the Parties, including two Zoom mediation sessions with the Court. The Court preliminarily finds that the relief provided to the Settlement Class is adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal and the proposed method of distributing payments to the Settlement Class. The Court further finds that the Settlement Agreement treats the Settlement Class Members equitably relative to one another. Under the terms of the Settlement Agreement, Settlement Class Members that submit a timely and valid Claim Form will be sent a Cash Award, which will be based on the number of Hello Products the Settlement Class Member purchased,

as provided on the Settlement Class Member's submitted Claim Form. Specifically, each Settlement Class Member will receive a payment of approximately $6.00 from the Settlement Fund for each Hello Product purchased in the United States during the Class Period, subject to adjustments based on number of claims submitted. No additional proof of purchase will be required beyond a timely and properly submitted Claim Form, provided such claim includes an attestation to the purchase(s) under penalty of perjury. Settlement Class Members without proof of purchase will be permitted to make claims for a maximum of five (5) Products. Settlement Class Members who have proof of their purchases and provide such proof with a timely and properly submitted Claim Form will be permitted to make claims for up to ten (10) Products. Each household may only submit one Claim Form.

6.      The Court will  fully assess any request for an Attorneys' Fees and Costs Award, Class Representative Service Awards, and/or awards to Other Claimants after receiving a motion from Plaintiffs and Class Counsel supporting such request. At this stage, the Court finds that the plan to request fees and litigation expenses or service awards creates no reason not to direct notice to the Settlement Class.

7.      The Court finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3). Specifically, the Court finds that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiffs' claims are typical of those of the Settlement Class Members; (4) Plaintiffs and Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class Members; and

(5) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).  Injunctive relief also is appropriate respecting the class as a whole under Rule 23(b)(2).

8.      The Court makes the findings herein for settlement purposes only. If the Parties' Settlement is not granted Final Approval, is overturned on Appeal, or does not become final for whatever reason, the Court is not making any determination as to whether class certification would be appropriate or whether any of the elements necessary for class certification would be satisfied if this case were to proceed on the merits. Certification of the Settlement Class shall be without prejudice to the Parties, and the Parties preserve all rights and defenses regarding class  certification in the event the Settlement is not finally approved by this Court, is overturned on appeal, or otherwise does not  take effect.

9.      The Court hereby appoints Plaintiffs Sarah Patellos and Eric Fishon as Settlement Class Representatives to represent the Settlement Class.

10.      The Court hereby appoints the following attorneys as Class Counsel for  the Settlement Class:  Federman & Sherwood (with William B. Federman as Lead Counsel) and Pastor Law Office, LLP.

11.      The Court hereby appoints Simpluris, Inc. ("Simpluris") as Settlement Administrator and directs Simpluris to  carry  out  all  duties  and  responsibilities  of  the Settlement Administrator as  specified in the Settlement Agreement and herein.

12.      Plaintiffs are hereby granted leave to file their Third Amended Complaint in substantially the same form as Exhibit C to the Settlement Agreement. Hello shall not be required to serve or file a response to the Third Amended Complaint, and Hello's non-response to the

Third Amended Complaint shall not be construed as an admission as to the truth of any of the allegations in the Third Amended Complaint or as a waiver of any defenses thereto.

**Notice Program**

13.     Pursuant to Rule 23(e)(1) and Rules 23(c)(2)(A) and 23(c)(2)(B), the Court approves the proposed Notice program outlined in Section 9 of the Settlement Agreement, including the form and content of the proposed forms of class notice attached as Exhibits A and B to the Settlement Agreement. The Court finds that the proposed Notice program meets the requirements of due process under the U.S. Constitution and Rule 23; and that such Notice program, which includes the establishment of a Settlement Website, the establishment of a toll-free telephone helpline, and targeted digital advertising published on internet sites, including social media platforms, Google searches, and website banner ads, as well as direct notice to Settlement Class Members where available, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form and content of the Notice are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt out, and the proposed Settlement and its terms. The Court finds that the Notice clearly and concisely states in plain, easily understood language, *inter alia*: (i) the nature of the Action; (ii) the definition of the Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Settlement Class Member must submit a timely claim via a valid Claim Form to be eligible to receive a Cash Award under the Settlement; (vi) the time and manner for submitting a Claim Form; (vii) that the Court will exclude from the

Settlement Class any member who timely and validly requests exclusion; (viii) the time and manner for requesting exclusion; and (ix) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3). The parties may make non-material changes to the proposed Notice program, including the form and content of the Notice, without seeking further approval of the Court.

14.     The Court directs the Settlement Administrator and the Parties to implement the Notice program as set forth in the Settlement Agreement. As soon as practicable and no later than 28 days after entry of this Preliminary Approval Order, the Settlement Administrator shall do the following:

a.     <u>Settlement website</u>:  The Settlement Administrator shall establish a Settlement Website hosted at http://www.charcoaltoothpastesettlement.com dedicated to the Settlement. The Settlement Website shall contain the Long Form Notice (in substantially the same form attached as Exhibit B to the Settlement Agreement), in both downloadable PDF format and HTML format; a Contact Information page that includes the address for the Settlement Administrator and addresses and telephone numbers for Class Counsel; the toll-free telephone helpline number; the Settlement Agreement; this Order; a downloadable and online version of the Claim Form; and all other material filings by the Parties or the Court regarding the Settlement, including Class Counsel's application for an Attorneys' Fees and Costs Award, and/or Class Representative Service Awards, and/or awards for Other Claimants, the motion for final approval, and any orders with respect to such applications and motions. The Settlement Website shall remain accessible until at least 60 days after the Effective Date.

b.      <u>Toll-free telephone helpline</u>:  The Settlement Administrator shall establish a toll-free telephone helpline, which shall be posted on the Settlement Website, and to which Settlement Class Members may refer for information about the Action and the Settlement Agreement. The toll-free helpline shall remain active until 60 days after the Effective Date.

c.      <u>Online notice</u>: The Settlement Administrator shall cause the Online Notice, subject to Defendant's approval as to form, to be published on internet sites, including social media platforms, Google searches, and website banner ads.

15.     Hello shall pay the Notice Costs directly to the Settlement Administrator in an amount not to exceed $100,000.00 on an as-incurred basis. If the Notice Costs exceed $100,000.00, any amount over $100,000.00 shall be paid from the Settlement Fund as part of the Notice and Administration Costs.

16.     No later than fourteen (14) days prior to the Fairness Hearing, Plaintiffs will file with the Court and serve on Defense Counsel a declaration from the Settlement Administrator stating that the notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order and stating the number of Opt-Outs and Objections received on or before the Opt-Out and Objection Deadline.

17.     Claimants shall have 90 days from the Settlement Notice Date to submit a claim.

**Opt-Out and Objection Procedures**

18.     Settlement Class Members may exclude themselves from the Settlement Class by submitting to the Settlement Administrator a written request for exclusion that is postmarked or submitted electronically no later than the Opt-Out and Objection Deadline. To be effective, the

Request for Exclusion must contain the individual's name, current address, and telephone number. The Request for Exclusion must be either (a) personally signed and dated, mailed, and postmarked to the Settlement Administrator on or before the Opt-Out and Objection Deadline, or (b) electronically signed and submitted to the Settlement Administrator through the Settlement Website on or before the Opt-Out and Objection Deadline. Upon the Settlement Administrator's receipt of a timely and valid exclusion request, the Settlement Class Member shall be deemed excluded from the Settlement Class and shall not be entitled to any benefits of the Settlement. A Settlement Class Member may request to be excluded from the Settlement only on the Settlement Class Member's own behalf; a Settlement Class Member may not request that other Settlement Class Members (or a group or subclass of Settlement Class Members) be excluded from the settlement.

19.     Any Settlement Class Member who does not request exclusion from the Settlement Class has the right to object to the proposed Settlement and/or to Class Counsel's motion for an Attorneys' Fees and Costs Award or Class Representative Service Awards and/or awards to Other Claimants. To be considered valid, any individual in the Settlement Class who wishes to object to the Settlement must file a written objection with the Court no later than the Opt-Out and Objection Deadline at the following address: Clerk of the Court, U.S. District Court for the Southern District of New York, 500 Pearl St., New York, NY 10007. The objector must also serve a copy of the objection via first-class U.S. mail on the Parties. The objection must include: (a) a reference, in its first sentence, to the Action, *Patellos v. Hello Products, LLC*, No. 1:19-CV-09577-SDA (S.D.N.Y. 2019); (b) the objector's full legal name, residential address, telephone number, and email address (and, if objecting through counsel, the objector's lawyer's

name, business address, telephone number, and email address); (c) a statement describing the objector's standing as a member of the Settlement Class, including a verification under oath as to the purchase date(s), name of the Products purchased, and the location(s) and name(s) of the retailer(s) from whom the objector purchased the Products, and all other information required by the Claim Form; (d) a written statement of all grounds for the objection, accompanied by any legal support for such objection; (e) copies of any papers, briefs, or other documents upon which the objection is based; (f) a list of all persons who will be called to testify in support of the objection; (g) a statement of whether the objector intends to appear at the Fairness Hearing; (h) a list of the exhibits that the objector may offer during the Fairness Hearing, along with copies of such exhibits; and (i) the objector's signature. In addition, any objector, if applicable, must include with their objection (a) the identity of all counsel who represent them, including former or current counsel who may be entitled to compensation for any reason related to the objection; and (b) a detailed list of any other objections submitted by the objectors, or his/her counsel, to any class actions submitted in any court, whether state or federal, in the United States in the previous five (5) years. Only objections that are submitted in accordance with this paragraph shall be considered by the Court. Any attorney hired or retained by, or who otherwise provided legal assistance to, a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee and Expense Award or the Service Awards and who intends to make an appearance at the Fairness Hearing shall provide to the Settlement Administrator as well as to Class Counsel and Defense Counsel and file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Deadline. Any Settlement Class Member who does not timely submit an objection in accordance with this paragraph shall waive

the right to object or to be heard at the Fairness Hearing and shall be forever barred from making any objection to the proposed Settlement or to Class Counsel's motion for an Attorneys' Fees and Costs Award or Class Representative Service Awards or awards to Other Claimants.

20.    Any member of the Settlement Class who does not submit a timely, written Request for Exclusion from the Settlement Class (*i.e.*, becomes an "Opt-Out") will be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release. Any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise strictly comply with the applicable requirements shall be forever and completely foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

21.    Unless and until they have timely and properly excluded themselves from the Settlement Class, all Settlement Class Members are preliminarily enjoined from (i) filing, commencing, prosecuting, intervening in, or participating as plaintiffs, claimants, or class members in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims and (ii) attempting to encourage individuals or a class of individuals to Opt-Out of this or any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims. Any person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Hello, any other Released Person, and Class Counsel as a result of the violation.

22.     The Settlement Administrator shall provide an Opt-Out list to the Parties no later than seven (7) Days after the Opt-Out and Objection Deadline.

23.     By no later than 35 days prior to the Fairness Hearing, Class Counsel shall file their motion for an Attorneys' Fees and Costs Award and/or a Class Representative Settlement Award or awards to Other Claimants. Any such motion shall be posted to the Settlement Website within one business day after its filing.

**Fairness Hearing**

24.     The Court will hold a Fairness Hearing on January 10, 2023 at 11:00 a.m., in the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, Courtroom 11C. The purposes of the Fairness Hearing will be to: (i) determine whether the proposed Settlement Agreement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class; (ii) determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing the Action with prejudice and releasing all Released Claims; (iii) determine whether the Settlement Class should be finally certified; (iv) rule on Class Counsel's motion for an Attorneys' Fees and Costs Award and/or Class Representative Service Awards and/or awards to Other Claimants; (v) consider any properly filed objections; and (vi) consider any other matters necessary in connection with the final approval of the Settlement Agreement. If the Court subsequently determines that the Fairness Hearing should not occur at an in-person hearing but rather through remote means, the Court will issue a subsequent order.

25.     By no later than 35 days before the Fairness Hearing, Class Counsel shall file their motion for final approval of the Settlement Agreement.

26.     By no later than 14 days before the Fairness Hearing, the Parties shall file  any responses to any Settlement Class Member objections and any replies in support of final settlement approval and/or Class Counsel's motion for an Attorneys' Fees and Costs  Award and/or Class Representative Service Awards and/or awards to Other Claimants.

27.     The Court may, in its discretion, modify the date, time, and/or location of the Fairness Hearing. In the event the Court changes the date, time, and/or location of the Fairness Hearing, the new date and time shall be posted on the Settlement Website.

28.     If the Settlement Agreement, including any amendment made in accordance therewith, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (i) any obligations to pay for any expense previously incurred in connection with Notice and administration as set forth in the Settlement Agreement, and (ii) any other obligations or provisions that are expressly designated in the  Settlement Agreement to survive the termination of the Settlement Agreement.

29.     Other than such proceedings as may be necessary to carry out the terms and  conditions of the Settlement Agreement, including matters relating to Class Counsel's motion for an Attorneys' Fees and Costs Award and/or Class Representative Service Awards and/or awards to Other Claimants, all  proceedings in the Action are hereby stayed and suspended until further order of this Court.

30.     This Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not constitute, be described as, construed as, offered, or received against Hello or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Action; (b) any liability, negligence, fault, or wrongdoing of Hello or the Released Parties; or (c) that this Action or any other action may be properly certified as a class action for litigation, non-settlement purposes.

31.     The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

32.     The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Preliminary Approval Order.

33.     The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

| | |
|---|---|
| Settlement Notice Date | **28 days after entry of this Preliminary Approval Order** |
| Claims deadline | **90 days after the Settlement Notice Date** |

| Last day for Class Counsel to file motion for Class Counsel Attorneys' Fees and Costs Award and/or Class Representative Service Awards and/or awards for Other Claimants | **35 days before Fairness Hearing** |
|---|---|
| Exclusion/Objection Deadline | **45 days after the Settlement Notice Date** |
| Last day for Class Counsel to file motion for final approval of the Settlement | **35 days before Fairness Hearing** |
| Last day for the Parties to file any responses to objections and any replies in support of final settlement approval and/or Class Counsel's motion for an Attorneys' Fees and Costs Award and/or Class Representative Service Awards and/or awards to Other Claimants | **14 days before Fairness Hearing** |
| Fairness Hearing | **January 10, 2023, which is at least 190 days after entry of this Preliminary Approval Order** |

**SO ORDERED.**

Dated: June 15, 2022

_____
    STEWART D. AARON
    United States Magistrate Judge