**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHANNON RUSSELL AGUIRRE, EDWARD BLOTNICKI III, SANDRA BURNS, JOHN BRILEY, BENJAMIN CARTER, TINA CASH, DANIEL DURGIN, STEFANIE EMERICK, TAWANA HUSTON, ERIC FISHON, ERICA PARKS, SARAH PATELLOS, ROMONA REED, CHRIS SMITH, KRISTIN STELEA, PEGGY TATUM, TIMOTHY THOMAS, CHRISTINA VAIN, and TIA WINSTON, on behalf of themselves and others similarly situated, | Case No. 1:19-cv-09577-SDA  **PLAINTIFFS MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| Plaintiffs, | |
| v. | |
| HELLO PRODUCTS, LLC, | |
| Defendant. | |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND TO THE SETTLEMENT ....................................................... 2

III.  SETTLEMENT TERMS AND BENEFITS ....................................................... 5

    A.   Settlement Class ...................................................................................... 5

    B.   The Settlement Terms and Benefits to the Settlement Class ...................... 5

      1.   Monetary Relief ............................................................................ 5
      2.   Business Practice Changes ............................................................ 6
      3.   Notice, Claims Process, and Settlement Administration................... 6
      4.   Release ......................................................................................... 9
      5.   Attorneys' Fees, Expenses, and Service Awards............................ 10

IV.   THE PROPOSED SETTLEMENT WARRANTS APPROVAL............................ 10

    A.   Legal Standards for Approval ................................................................ 10

    B.   Rule 23(e) and the *Grinnell* and Factors Are Satisfied............................ 12

      1.   Procedural Fairness - Rule 23(e)(2)(A-B) ..................................... 12
      2.   Substantive Fairness - Rule 23(e)(2)(C-D) and Remaining *Grinnell* Factors............ 13

        a.   Rule 23(e)(2)(C)(i) / *Grinnell* Factors Nos. 1, 4, 5 and 6 – The Costs, Risks, and Delay of Trial and Appeal ...................... 14

        b.   Rule 23(e)(2)(C)(ii) – Effectiveness of Proposed Method of Distributing... 5

        c.   Rule 23(e)(2)(C)(iii) - The Timing and Terms of Class Counsel's Proposed Award of Attorneys' Fees............................................. 16

        d.   Rule 23(e)(2)(C)(iv) - There Are No Additional Agreements Required To Be Identified Under Rule 23 ................................... 17

        e.   Rule 23(e)(2)(D) - Class Members Are Treated Equitably ............. 17

        f.   *Grinnell* Factor No. 2 - Settlement Class Members' Reaction ..... 17

        g.   *Grinnell* Factor No. 3 - The Stage of the Proceeding Warrants Final Approval ...........................................................................18

        h.   *Grinnell* Factor No. 7 - Whether Defendant Can Withstand a Substantially Greater Judgement............................................. 19

i. *Grinnell* Factor Nos. 8-9: Range of Reasonableness of Settlement ................ 19

V.   THE SETTLEMENT CLASS SHOULD BE CERTIFIED.................................................... 20

   A.   Numerosity ........................................................................................... 20

   B.   Commonality ......................................................................................... 21

   C.   Typicality .............................................................................................. 21

   D.   Adequacy .............................................................................................. 21

VI.   THE SETTLEMENT CLASS MEETS THE REQUIREMENED OF RULE 23(b) ....... 22

VII.   THE NOTICE ADEQUATELY APPRISED CLASS MEMBERS .................................... 22

VIII.  CONCLUSION.............................................................................................................. 23

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Christine Asia Co., Ltd. v. Yun Ma*,
   2019 WL 5257534 (S.D.N.Y. Oct. 16, 2019) ..................................................................12

*City of Detroit v. Grinnell Corp.*,
   495 F.2d 448 (2d Cir. 1974)..........................................................................................11, 12

*In re Austrian & German Bank Holocaust Litig.*,
   80 F. Supp. 2d 164 (S.D.N.Y. 2000)..................................................................................13

*In re Global Crossing Sec. and ERISA Litig.*,
   225 F.R.D. 436 (S.D.N.Y. 2004) .......................................................................................14

*In re GSE Bonds Antitrust Litig.*,
   414 F. Supp. 3d 686 (S.D.N.Y. 2019)................................................................................23

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
   330 F.R.D. 11 (E.D.N.Y. 2019) ...........................................................................13, 17, 19

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
   827 F.3d 223 (2d Cir. 2016)................................................................................................12

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
   05-MD-1720, 2019 WL 6875472 (E.D.N.Y. Dec. 16, 2019) ......................................12, 18

*In re Signet Jewelers Ltd. Sec. Litig.*,
   2020 WL 4196468 (S.D.N.Y. July 21, 2020) .....................................................................18

*In re Vitamin C Antitrust Litig.*,
   2012 WL 5289514 (E.D.N.Y. Oct. 22, 2012) ....................................................................19

*In re WorldCom, Inc. Sec. Litig.*,
   388 F. Supp. 2d 319 (S.D.N.Y. 2005)................................................................................15

*Kelen v. World Fin. Network Nat. Bank*,
   295 F.R.D. 87 (S.D.N.Y. 2013) .........................................................................................21

*Morris v. Affinity Health Plan, Inc.*,
   859 F. Supp. 2d 611 (S.D.N.Y. 2012)................................................................................13

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
   339 U.S. 306 (1950)...........................................................................................................22

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985)...........................................................................................................22

*RMED Int'l, Inc. v. Sloan's Supermkts., Inc.*,
   2003 WL 21136726 (S.D.N.Y. May 15, 2003)..................................................................18

*Rosenfeld v. Lenich*,
   2021 WL 508339 (E.D.N.Y. Feb. 11, 2021).............................................................. Passim

*Shapiro v. JPMorgan Chase & Co.*,
   2014 WL 1224666.........................................................................................................13, 17

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
   396 F.3d 96 (2d Cir. 2005)..............................................................................11, 17, 18, 19

*Wiener*,
   731 F.3d 241 (2d Cir. 2013)...............................................................................................19

*Yang v. Focus Media Holding Ltd.*,
   2014 WL 4401280 (S.D.N.Y. Sept. 4, 2014).....................................................................13

*Zeltser v. Merrill Lynch & Co.*,

2014 WL 4816134 (S.D.N.Y. Sept. 23, 3014) ................................................................................17

## Statutes

28 U.S.C. § 1715(b) ........................................................................................................................7

## Rules

Fed. R. Civ. P. 23 .................................................................................................................. Passim
Fed. R. Civ. P. 23(e)(2)(D) ......................................................................................................14, 17

Plaintiffs Shannon Russell Aguirre, Edward Blotnicki III, Sandra Burns, John Briley, Benjamin Carter, Tina Cash, Daniel Durgin, Stefanie Emerick, Tawana Huston, Eric Fishon, Erica Parks, Sarah Patellos, Romona Reed, Chris Smith, Kristin Stelea, Peggy Tatum, Timothy Thomas, Christina Vain, and Tia Winston (collectively, "Plaintiffs"), submit this Memorandum of Law in support of Plaintiffs' Motion for Final Approval of Class Action Settlement (the "Motion").[1][2]

## I.    INTRODUCTION

On June 15, 2022, this Court preliminarily approved a class action settlement between Plaintiffs Fishon and Patellos (sometimes referred to as "Class Representatives") and Defendant Hello Products, LLC ("Hello"). *See* Order Granting Prelim. Approval of Class Settlement and Direction of Notice Under Rule 23(e), ECF No. 75. Per the terms of the Settlement Agreement, a third amended complaint was filed, listing the following individuals as Plaintiffs: Shannon Russell Aguirre, Edward Blotnicki III, Sandra Burns, John Briley, Benjamin Carter, Tina Cash, Daniel Durgin, Stefanie Emerick, Tawana Huston, Eric Fishon, Erica Parks, Sarah Patellos, Romona Reed, Chris Smith, Kristin Stelea, Peggy Tatum, Timothy Thomas, Christina Vain, and Tia Winston (collectively, "Plaintiffs"). *See* Third Am. Class Action Compl., ECF No. 76.

Plaintiffs' and Settlement Class Counsel's efforts resulted in a settlement fund of $1,400,000.00 to provide recovery for Settlement Class Members with or without Proof of Purchase, as well as additional relief in the form of changes to Hello's advertising language and marketing

---

[1] Unless otherwise indicated, capitalized terms shall have the meaning that the Class Action Settlement Agreement (ECF No. 73-3) ascribes to them.  The Settlement Agreement is hereinafter cited to as "SA, ¶ __."

[2] The arguments contained in this brief are made for settlement purposes only. Defendant has informed Plaintiffs that: (i) it reserves its right to argue that class certification would be improper if this case proceeded on the merits, and that the elements necessary for class certification are not met in this case; (ii) although the parties have agreed to propose a settlement on behalf of a nationwide class, Defendant reserves its right to argue that this Court should not preside over a proposed nationwide class for any purpose other than settlement; and (iii) although Defendant supports final approval and has reviewed this brief as to form, it reserves its right to contest any representations made by Plaintiffs herein as they relate to the merits of the lawsuit or the elements of class certification.

practices. Specifically, the Settlement Agreement provides that Settlement Class Members with no Proof of Purchase can claim approximately $6.00 per Product purchased during the Class Period for up to five products that they attest to have purchased. SA, ¶ 4.02. Settlement Class Members *with* proof of purchase are eligible to recover for up to ten Products. *Id.* Each Settlement Class Member's claim would be reduced or increased on a *pro rata* basis depending on the number of claims received. *Id.* ¶ 4.03. Simpluris is currently calculating the amount that will be distributed to each Authorized Claimant. *See* Exhibit "A", First Supplemental Declaration of Amy Lechner of Simpluris, Inc. Regarding Claims Processing ("Simpluris Supp. Decl."), ¶¶ 5–6.

Settlement Class Counsel zealously prosecuted Plaintiffs' claims, achieving the Settlement only after extensive investigation, research, informal discovery, and substantial arm's-length negotiations, including two settlement conferences with Magistrate Judge Stewart D. Aaron.

After this Court granted preliminary approval, the Settlement Administrator—with the help of the Parties—disseminated Notice to the Settlement Class pursuant to the terms of the Settlement Agreement and the Court's Order granting preliminary approval (ECF No. 75). The Notice provided Settlement Class Members with information regarding how to reach the Settlement Website, how to make a claim, and how to opt-out or object to the Settlement.

The Settlement Agreement is an excellent result and has received an overwhelmingly positive response from the Settlement Class. The claims period ran through October 11, 2022, and netted 385,075 claim submissions. *See* Simpluris Supp. Decl., ¶ 3. However, there were several fraudulent claims received. *Id.* ¶¶ 3–6. To address the fraudulent claim submissions, Simpluris conducted a fraud analysis. *Id.* The fraud analysis removed a number of fraudulently submitted claims, resulting in a total valid claim submission number of 129,039 claims. *Id.* Additionally, no objections have been filed, and only one person requested exclusion. *See* Exhibit "B", Declaration of Amy Lechner of Simpluris Regarding Notice ("Simpluris Decl."), ¶ 14.

Considering the valuable benefits conveyed to members of the Settlement Class, and the significant risks faced through continued litigation, the Settlement is "fair, reasonable, and adequate," and merits final approval. Fed. R. Civ. P. 23(e)(2).

## II.    BACKGROUND TO THE SETTLEMENT

This case arises from Plaintiffs' claims, asserted on behalf of the Class, that Defendants made material misrepresentations or omissions as to the safety and efficacy of its Products, through the advertisement of thereof. *See* Third Am. Class Action Compl., ECF No. 76.

Plaintiff Sarah Patellos filed her initial complaint on October 16, 2019. *See* Compl., ECF No. 1. On February 28, 2020, Sarah Patellos filed her First Amended Class Action Complaint (ECF No. 6), adding Eric Fishon as a Plaintiff.   In response, Defendant filed a motion to dismiss (ECF No. 18) all causes of action brought by Plaintiffs Fishon and Patellos, to which Plaintiffs Fishon and Patellos responded by filing their Second Amended Complaint (ECF No. 20). Once again, Defendant filed a motion to dismiss (ECF No. 26), on September 4, 2020, challenging all causes of action set forth by Plaintiffs Fishon and Patellos. A response in opposition was filed by Plaintiffs Fishon and Patellos on September 17, 2020 (ECF No. 28). Ultimately, the Court entered an Order denying Defendant's second motion to dismiss in part on March 4, 2021 (ECF No. 30).

Shortly thereafter, the Parties entered into discovery. During discovery, the following occurred: (1) a protective order was entered (ECF No. 45); protocol was determined for electronically stored information (ECF No. 47); (3) initial disclosures were served; and (4) discovery requests were propounded and responded to. The Parties also began discussing the potential for early resolution, keeping in mind each side's perceived strengths and weaknesses. To focus on early resolution, the Parties sought to stay formal discovery after initial informal discovery and exchanges of information. Although some progress was made in multiple direct meetings and conversations, the Parties eventually requested that the Court refer this matter to a settlement conference (ECF No. 48).

The settlement conference was referred to Magistrate Judge Stewart D. Aaron on October 14, 2021 (ECF No. 49). To ensure negotiations were as successful as possible, the Parties exchanged a term sheet outlining potential terms for a possible settlement, while also continuing to investigate the surrounding facts and legal issues. Counsel for Plaintiffs and Defense Counsel met in Los Angeles to discuss the term sheet. On December 14, 2021, the Parties attended their first settlement conference with Magistrate Judge Aaron. The Parties then met again for a second settlement conference on December 16, 2021. The Parties agreed to a nationwide settlement following a confidential proposal from Magistrate Judge Aaron. The Parties submitted a joint letter to the Court on January 14, 2022, asking the Court to reopen the case for settlement purposes (ECF No. 62). The request was granted (ECF No. 63).

Once the Parties agreed on the essential settlement terms, the Parties began negotiating the details of the Class Action Settlement Agreement. Each aspect of the Agreement was comprehensively negotiated. During the negotiation process, three class action notice specialists – Simpluris, Inc. ("Simpluris"), Kroll Settlement Administration, and KCC, LLC – were solicited for bids and information regarding their services. After reviewing the bids, the Parties selected experienced class notice specialist, Simpluris, to advise the Parties and to design the specifics of a Notice program. The Notice program and each document comprising the Notice program were designed to be easy to read and understand, as well as maximize the likelihood of broad proposed Settlement Class Member participation in the Claims process.

In early June, Plaintiffs Patellos and Fishon and Defendant finalized and executed the Class Action Settlement Agreement (ECF No. 73-3). A settlement was only reached after the Parties engaged in a significant exchange of information, discovery, and extensive arm's length negotiations, including two settlement conferences with Magistrate Judge Aaron. Subsequently, on June 10, 2022, Plaintiffs Fishon and Patellos motioned the Court to: (1) grant preliminary approval of the Settlement; (2)

certify the Settlement Class and appoint Plaintiffs as the class representatives and their counsel as class counsel; (3) approve the form and manner of the class action settlement notice; (4) preliminarily certifying the Settlement Class for purposes of settlement only; (5) grant leave for Plaintiffs to file their Third Amended Class Action Complaint; (6) appoint Simpluris as Settlement Administrator and direct it to commence the Notice Plan; and (7) schedule a Final Approval Fairness Hearing to consider final approval of the Settlement (ECF No. 72). Plaintiffs Fishon and Patellos were permitted to file their Third Amended Complaint (ECF No. 76). In the Third Amended Complaint, Plaintiffs Patellos and Fishon brought additional Plaintiffs into the lawsuit from various states. *See generally id.*

On June 15, 2022, the Court entered an Order granting Preliminary Approval of the Class Action Settlement (ECF No. 75). The Court found that "it will likely be able to approve the Settlement Agreement under Rule 23(e)(2)." Order Granting Prelim. Approval of Class Settlement and Direction of Notice Under Rule 23(e) ¶ 5. In addition, the Court preliminarily found, among other things, that the Settlement was "fair, reasonable, and adequate as to the Settlement Class Members." *Id.*

## III.    SETTLEMENT TERMS AND BENEFITS

### A.    The Settlement Class

The Court's Preliminary Approval Order preliminarily certified a Settlement Class. The proposed Settlement Class is defined as follows:

> All purchasers of the Products from the time the Products launched until [June 15, 2022].

*See* SA, ¶ 2.33.

The Settlement Class specifically excludes (1) Defendant and its affiliates, employees, officers, directors, agents, representatives, and their immediate family members; (2) Defense Counsel, Class Counsel, the judge, and the magistrate judge who have presided over the Action, and their immediate family members; and (3) all Settlement Class Members who timely and validly

submit a Request for Exclusion (in which there was only one request for exclusion). *Id.* ¶¶ 2.33, 10.01; *See* Simpluris Decl., ¶ 14.

> **B.     The Settlement Terms and Benefits to the Settlement Class**

> **1.   Monetary Relief**

With respect to monetary relief, the Settlement Agreement provides for Total Class Consideration in the amount of $1,400,000.00. SA, ¶ 4.01. The Settlement Fund will be used to make all Court-approved Settlement payments, including without limitation the Cash Awards, Administration costs, any Attorney's fees and Expense Award, and any Service Award(s). Hello will separately pay Notice costs of up to $100,000.00. *Id.* Any Notice costs exceeding $100,000.00 will be made payable from the Settlement Fund. *Id.*; Simpluris Decl., ¶ 17 (Simpluris' total costs for services is $220,000.). Hello's total potential financial contribution and commitment under this Settlement is $1,500,000.00. *Id.*

The Settlement Agreement provides Settlement Class Members who submit a timely and valid Claim Form with compensation regardless of whether they are able to provide a Proof of Purchase. The Settlement provides that Settlement Class Members with no Proof of Purchase will receive approximately $30.00 ($6.00 per product for up to 5 Products purchased per household) by attesting under penalty of perjury. *Id.* ¶ 4.02.   While Settlement Class Members with Proof of Purchase are eligible to recover approximately $60.00 ($6.00 per unit for up to 10 product units purchase per household). *Id.* Reimbursements will be provided as detailed above, provided the Settlement Fund is not exceeded. *Id.* ¶ 4.03. Each Settlement Class Member's claim will be reduced or increased on a pro *rata* basis. *Id.* Simpluris is currently calculating the amount each Authorized Claimant will received from the Settlement Fund. Simpluris Supp. Decl., ¶¶ 3–6.

Here, Plaintiffs allege the average price of Defendant's non-charcoal products is between $3.99-$4.99, and that the price premium for the Products is approximately one to two dollars. Third

Am. Compl. ¶¶ 161–62. Accordingly, the approximate $6.00 per Product recovery provides consumers with or without Proof of Purchase a much higher amount than the damages they could be expected to win at trial.

### 2.   Business Practice Changes

Under the Settlement Agreement, Defendants also agreed to certain business practice changes. Specifically, Hello agrees to the following actions to remain in effect for two (2) years following entry of the Final Approval Order: (1) it will not make any claims on packaging for the Charcoal Toothpastes that are not supported as required by law, (2) unless it acquires additional support than it currently has, it will not represent that activated charcoal is as a standalone ingredient a "detoxifier," although Hello may continue to represent that its Charcoal Toothpastes detoxify bad breath, (3) it will operate a telephone line, messaging system or other mechanism for consumers with questions, complaints or concerns about use of the Products. SA, ¶ 4.04.

### 3.   Notice, Claims Process, and Settlement Administration

The Notice plan implemented met the promises made in the Motion for Preliminary Approval, which was approved by the Court in its Order granting Preliminary Approval of the Class Action Settlement (ECF No. 75).

Pursuant to 28 U.S.C. § 1715(b), on June 21, 2022, Simpluris caused Notice regarding the Settlement to be sent to the appropriate state and federal Attorneys General. Simpluris Decl., ¶ 4; SA, ¶ 9.06.

Pursuant to the Preliminary Approval Order, Simpluris formatted the Summary Notice to be sent out by email. Simpluris Decl., ¶ 5. The Notice advised Settlement Class members of their right to make a claim, request exclusion, object or do nothing, and applicable deadlines and events. *Id.* ¶ 6. On July 5, 2022, Defendant provided Simpluris with a list of 24,154 names and email addresses of known Settlement Class members. *Id.* ¶ 7. The list was then deduplicated to a list of 23,946

individuals. *Id.* On the deduplicated list there was a total of 7,961 bad email addresses, thus, Simpluris emailed the Summary Notice to 15,985 individuals. *Id.* ¶ 8; SA, ¶ 9.09(a). Of the 15,985 emails sent, the email campaign report returned 110 bounced emails, resulting in 15,875 successfully sent emails. Simpluris Decl., ¶ 8.

Simpluris supplemented the emailed Notice with digital advertising. *Id.* Starting on July 13, 2022, internet advertisements appeared on a rotating basis on Facebook, Google, and internet website banners. *Id.* ¶ 9. The internet advertisements provided a direct link to the Settlement website, where Settlement Class members could access information about the Settlement and submit an online claim form. *Id.* These advertisements were highly successful, reaching 6,103,941 gross impressions. *Id.* Unfortunately, the Settlement was featured on Top Class Actions' website (www.topclassactions.com), which Simpluris had to pay to remove. *Id.* ¶ 10. It is believed that this website was a major contributing factor in the vast amount of fraudulent claim submissions. *See* Simpluris Supp. Decl., ¶¶ 3–6. Even so, Settlement Class members were given ample alternative forms of notice.

On the Settlement Notice Date, Simpluris established the following website devoted to this Settlement: www.CharcoalToothpasteSettlement.com ("Settlement Website"). Simpluris Decl., ¶ 12. The Settlement Website contains general information about the Settlement, including answers to frequently asked questions, important dates and deadlines pertinent to this matter, and copies of important documents. *Id.* ¶ 11. Settlement Website visitors can view and download (1) the Settlement Agreement, (2) the Preliminary Approval Order, (3) a downloadable and online version of the Claim Form; and (5) and other material filings by the Parties or the Court regarding Settlement. *Id.* The Settlement Website also has a "Want More Information?" section where Settlement Class Members could submit questions regarding the Settlement to a dedicated email address: info@charcoaltoothpastesettlement.com, or via mail to a P.O. Box address. *See* Exhibit

"C" (picture of Settlement Website). Most importantly, Settlement Class members were able to submit their Claim Forms on the Settlement Website. Simpluris Decl., ¶ 9.[3]

Additionally, Simpluris established a toll-free telephone number on July 13, 2022, for receiving toll-free calls related to the Settlement with a "live" operator to answer any questions. *Id.* ¶¶ 13–14. The telephone number was maintained until 30 days after the Claims Deadline (November 10, 2022). *Id.* ¶ 14; SA, ¶ 9.05. Thereafter, and until 60 days after the Effective Date, a recording advised any caller that the Claims Deadline has passed and that details regarding the Settlement could be reviewed on the Settlement Website. Simpluris Decl., ¶ 14; SA, ¶ 9.05. The toll-free line was accessible 24 hours a day, 7 days a week through the claims period. Simpluris Decl., ¶ 14.

The timing of the claims process was designed to give Settlement Class Members adequate time to access and review Notice documents, determine whether they would like to make a claim, opt-out, or object, and gather any supporting documents necessary to do so. The deadline for Settlement Class Members to submit a Claim Form was October 11, 2022. *See* Order Granting Prelim. Approval of Class Settlement and Direction of Notice Under Rule 23(e), ECF No. 75. As of November 17, 2022, Simpluris received a total of 385,075 Claim Form submissions. Simpluris Supp. Decl. ¶ 3. The amount of Claim Form submissions was overwhelming, which led Simpluris to undertake a fraud analysis. *Id.* ¶¶ 4–6. The fraud analysis reduced the amount of valid claim submissions to 129,039 claims. *Id.* Again, it is believed the unauthorized posting of the Settlement on Top Class Actions' website contributed to the fraudulent claims. Even with the reduction of the fraudulent claims, the number of claims received signifies the excellent result achieved for and approval of the Class.

---

[3] Pursuant to the Court's Order entered November 28, 2022 (ECF No. 81), Settlement Class Counsel instructed Simpluris to update the Settlement website to include the information in the Court's Order regarding access to the Fairness Hearing. Simpluris updated the website accordingly. Simpluris Supp. Decl., ¶ 7.

The deadline for Class Members to request exclusion from the Settlement was August 27, 2022. *See* Order Granting Prelim. Approval of Class Settlement and Direction of Notice Under Rule 23(e), ECF No. 75. Simpluris received one (1) request for exclusion. Simpluris Decl., ¶ 14. Similarly, the deadline for Class Members to object to the Settlement was August 27, 2022. *See* Order Granting Prelim. Approval of Class Settlement and Direction of Notice Under Rule 23(e), ECF No. 75. There were zero objections to the proposed Settlement. Simpluris Decl., ¶ 14.

### 4. Release

Further, the Settlement Agreement provides for a release of specific claims against Hello and its Products. Subject to Court approval, all Settlement Class Members who have not timely and properly excluded themselves from the Settlement Class will be bound by the Settlement Agreement. As a result, Settlement Class Members' claims will be dismissed with prejudice and released, irrespective of whether they received actual notice of the Action or this Settlement. SA, ¶ 11.03(a). The Release covers any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs, the Other Claimants, or the Settlement Class Members, or any of them, in connection with or related in any manner to the Action, the Settlement, the administration of such Settlement, and/or the Released Claims as well as any and all claims for a Service Award to Plaintiffs or the Other Claimants and an Attorneys' Fee and Expense Award to Class Counsel. SA, ¶ 11.03(b).

### 5. Attorneys' Fees, Expenses, and Service Awards

Hello and Plaintiffs agreed to an arrangement for the payment of Attorneys' Fees, Expenses and Service Awards, pending the Court's approval. Pursuant to the Settlement Agreement, the Parties agreed that Plaintiffs' Counsel may make an application to this Court for an award of reasonable attorneys' fees, not to exceed 30% of the Settlement Fund, plus reasonable expenses incurred in the Action. *Id.* ¶ 5.02. Class Counsel is also authorized by the Settlement to move the Court for an order

permitting a Service Award of up to $3,500.00 to be paid from the Settlement Fund to Plaintiffs Patellos and Fishon and up to $350.00 for each Other Claimant. *Id.* ¶ 5.01. If approved by the Court, the above fees shall be payable from the Settlement Fund. *Id.* ¶ 5.02.

Plaintiffs' Counsel moved for an award of $420,000.00 in attorneys' fees, $21,300.90 in litigation expenses, Service Awards for Plaintiffs Patellos and Fishon in the amount of $3,500 each, and Service Awards for Other Claimants in the amount of $350.00 each.  A separate motion and memorandum of law has been filed herein.

## IV.     THE PROPOSED SETTLEMENT WARRANTS APPROVAL

The Settlement is the result of vigorous litigation, the exchange of documents and other discovery, and extensive arm's length negotiations among the Parties with the assistance of Magistrate Judge Aaron. The Settlement provides valuable benefits and monetary compensation to Class Members as well as changes to Defendant's business practices. The Settlement is favorable when assessed against the risks associated with continued litigation.  Having weighed the likelihood of success and inherent risks and expense of litigation, Plaintiffs and Plaintiffs' Counsel strongly believe that the proposed settlement is "fair, reasonable, and adequate[.]" Fed. R. Civ. P. 23(e)(2).

### A.     Legal Standards for Approval

Courts encourage, and public policy favors, the compromise and settlement of class actions. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (emphasizing the "strong judicial policy in favor of settlements, particularly in the class action context") (internal quotation marks omitted); *see also* Herbert B. Newberg, *Newberg on Class Actions* ("Newberg") § 13.44 (5th ed. 2020) ("The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding lengthy trials and appeals…This preference for settlement underscores the presumption, discussed in the succeeding section, that courts will presume a proposed settlement to be fair in the presence of certain factors.").

Rule 23(e) requires the Court to determine if the settlement is "fair, reasonable, and adequate" after considering:

> whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P 23(e)(2).[4]

In addition, to determine whether a settlement is approvable, the Second Circuit generally considers the factors enumerated in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). These factors are:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation[.]

*Id*. at 463 (citations omitted).

Courts in this Circuit have recognized that the Rule 23(e) factors "clarify[] and supplement[] the *Grinnell* factors." *Rosenfeld v. Lenich*, No. 18-CV-6720, 2021 WL 508339, at *3 (E.D.N.Y. Feb. 11, 2021); *see also In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig*., No. 05-MD-1720, 2019 WL 6875472, at *14 (E.D.N.Y. Dec. 16, 2019) ("There is significant overlap between the Rule 23(e)(2) and the Grinnell factors," which courts in this Circuit have acknowledged

---

[4] The first two prongs address the "procedural fairness" of the settlement, while the last two prongs address the "substantive fairness." Fed. R. Civ. P. 23 Advisory Committee Note (2018).

complement one another).

**B.      Rule 23(e) and the *Grinnell* and Factors Are Satisfied**

Rule 23(e) and the *Grinnell* factors weigh in favor of granting final approval.  Plaintiffs will first demonstrate that the procedural and substantive Rule 23(e) factors have been met, and then will turn to the additional *Grinnell* factors not otherwise encompassed by the Rule 23(e) factors.

**1.      Procedural Fairness - Rule 23(e)(2)(A-B)**

"Rule 23(e)(2)(A), which requires adequate representation, and Rule 23(e)(2)(B), which requires arm's-length negotiations, constitute the procedural analysis of the fairness inquiry." *Christine Asia Co., Ltd. v. Yun Ma*, No. 1:15-md-02631, 2019 WL 5257534, at *9 (S.D.N.Y. Oct. 16, 2019) (internal quotations omitted).

First, the Class Representatives' interests are aligned with the interests of the Class because they suffered the same harm as other Class Members. The Class Representatives have no interests antagonistic to those of the Settlement Class. They suffered the same injury as Class Members in that they and Class Members purchased Defendant's Products based on allegedly false representations.  Thus, the Settlement Class is "sufficiently cohesive."  *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223, 232 (2d Cir. 2016).  Further, Class Counsel are experienced class action attorneys who have adequately represented the Settlement Class through months of contentious litigation, including surviving motions to dismiss. *See* Exhibit "D", Declaration of William B. Federman in Support of Plaintiffs' Motion for Final Approval of Class Settlement and Plaintiffs' Motion for Award of Attorney's Fees, Reimbursement of Litigation Expenses, and Service Awards to Plaintiffs ("Federman Decl."), ¶ 21.

Second, the Settlement is the product of extensive arm's-length negotiations conducted by experienced counsel who are knowledgeable in complex consumer class actions. *See* Federman Decl., ¶¶ 3–5, 21; *Yang v. Focus Media Holding Ltd.*, No. 11 Civ. 9051(CM) (GWG), 2014 WL

4401280, at *5 (S.D.N.Y. Sept. 4, 2014) (finding that experience of the attorneys involved demonstrate that the class was well-represented at the bargaining table). The Parties were only able to reach the Settlement after conducting extensive motion practice, exchanging relevant informal discovery, and participating in two settlement conferences with Magistrate Judge Stewart D. Aaron. During the settlement conferences and in the subsequent discussions, the Parties engaged in hard-fought negotiations to reach agreement on the terms of the Settlement. A settlement "will enjoy a presumption of fairness" when, as here, it "is the product of arms-length negotiations conducted by experienced counsel, knowledgeable in complex class litigation." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 173-74 (S.D.N.Y. 2000), *aff'd sub nom. D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001); *see also, e.g., In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 34-35 (E.D.N.Y. 2019) (same); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 618 (S.D.N.Y. 2012) (holding that involvement of experienced mediator "strong indicator of procedural fairness"). Accordingly, the Settlement is procedurally fair.

## 2. Substantive Fairness - Rule 23(e)(2)(C-D) and Remaining *Grinnell* Factors

At the final approval stage, courts need not "decide the merits of the case or resolve unsettled legal questions," nor "foresee with absolute certainty the outcome of the case." *Shapiro v. JPMorgan Chase & Co.*, No. 11 CIV. 7961 CM, 2014 WL 1224666, at *10 (S.D.N.Y. Mar. 24, 2014). Instead, in deciding substantive fairness, courts "assess the risks of litigation against the certainty of recovery under the proposed settlement." *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 459 (S.D.N.Y. 2004).

The substantive fairness inquiry of Rule 23 considers the following: (i): the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be

identified under Rule 23(e)(3). Additionally, Fed. R. Civ. P. 23(e)(2)(D) requires the Court to consider whether the proposed settlement "treats class members equitably relative to each other."

The Rule 23 factors subsume *Grinnell* factors 1, 4, 5, and 6. *Rosenfeld*, 2021 WL 508339, at *5-6. The remaining *Grinnell* factors are independent from the Rule 23 inquiry. Each of these factors are addressed below and each support granting final approval of the Settlement.

### a.  Rule 23(e)(2)(C)(i) / *Grinnell* Factors Nos. 1, 4, 5 and 6 – The Costs, Risks, and Delay of Trial and Appeal

As discussed above, Rule 23(e)(2)(C)'s first factor, the "costs, risks, and delay of trial and appeal, subsumes several *Grinnell* factors, including the complexity, expense and likely duration of litigation, the risks of establishing liability, the risks of establishing damages, and the risks of maintaining the class through trial." *Rosenfeld*, 2021 WL 508339, at *5-6 (internal quotation marks omitted).

The relief to the Settlement Class is more than adequate in light of the costs, risks, and time required to litigate this action through trial and appeal. "Litigation inherently involves risks." *Willix v. Healthfirst, Inc.*, No. 07-CV-1143 (ENV) (RER), 2011 U.S. Dist. LEXIS 21102, at *11 (E.D.N.Y. Feb. 18, 2011). This Litigation is no different. Plaintiffs believe they could obtain class certification, defeat any dispositive motions Defendants may file, and proceed to a trial on the merits. Federman Decl., ¶ 9. Plaintiffs and Class Counsel recognize, however, the costs and risks involved, including the expense and length of continued proceedings necessary to prosecute the claims through trial and any appeals and the uncertainty of the ultimate outcome of the case. *Id.* Settlement Class Counsel took into account these factors, as well as the difficulties and delays inherent in complex class action litigation, when negotiating and evaluating the Settlement and entering into the Settlement Agreement. *Id.*

Specifically, litigating the case to a successful judgment providing class wide relief will require that Plaintiffs, *inter alia*, defeat additional motion(s) to dismiss, prevail in their motion for

class certification, and ultimately obtain a class judgment following trial. This process, as with any class action litigation, will be fraught with risks at every stage, and at the end of the day, while Plaintiffs believe Defendants' labeling to be misleading, a jury might not agree. Litigation would also incur immense costs and expenses that ultimately would likely be assessed against any recovery by the Settlement Class and may not result in any tangible recovery for years, especially if any appeal (or appeals) were taken.

By settling, Plaintiffs avoid the risk associated with continuing litigation and guarantee a quicker recovery to the Settlement Class. The Settlement prudently "take[s] the bird in the hand instead of the prospective flock in the bush." *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 210 (S.D.N.Y. 1995) (internal quotation marks omitted).

### b. Rule 23(e)(2)(C)(ii) – Effectiveness of Proposed Method of Distributing Relief

Pursuant to Rule 23(e)(2)(C)(ii), the Court should consider the effectiveness of the parties' "proposed method of distributing relief to the class, including the method of processing class member claims." *Rosenfeld*, 2021 WL 508339, at \*6 (internal quotation marks omitted). A plan of allocation need not be perfect but instead "need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 344 (S.D.N.Y. 2005).

The Parties retained a very experienced Settlement Administrator, Simpluris, who is highly skilled in processing class claims and distributing the proceeds to claimants. *See generally* Simpluris Decl. As described above, the Settlement Agreement provides that Settlement Class Members Eligible for a Cash Payment will receive payments based on the number of Products they purchased. SA, ¶ 4.02. Specifically, the Settlement Agreement provides that Settlement Class Members with no Proof of Purchase can claim up to $6.00 per Product purchased during the Class Period for up to five products that they attest to have purchased. *Id.* Settlement Class Members *with*

proof of purchase are eligible to recover up to ten Products at the same price per Product. *Id.* As explained by the 2018 Committee Notes, a "claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." The method of processing and distributing benefits is rational and effective. This factor supports granting final approval.

### c. Rule 23(e)(2)(C)(iii) - The Timing and Terms of Class Counsel's Proposed Award of Attorneys' Fees

The next factor under Rule 23 is the "terms of any proposed award of attorneys' fees, including timing of payment[.]" Fed. R. Civ. P. 23(e)(2)(C)(iii). As set forth in the fee motion filed contemporaneously herewith, Plaintiffs' Counsel request an award of $420,000 in attorneys' fees and request reimbursement of litigation expenses in the amount of $21,300.90, resulting in a slim multiplier of 1.09. This request is well within the range of reasonable considering the significant benefits made available under the Settlement and the months of attorney work and costs that have been committed to this case on an entirely contingent basis. *See* Motion for Attorney's Fees, filed separately; *See, e.g.*, *Mayhew v. KAS Direct, LLC*, No. 7:16-cv-06981-VB (S.D.N.Y. Nov. 30, 2018), ECF No. 149 (33.3% of $2,215,000 settlement); *Rapoport-Hecht v. Seventh Generation, Inc.*, No. 14-CV-9087 (KMK), 2017 U.S. Dist. LEXIS 219060, at *8–9 (S.D.N.Y. Apr. 28, 2017) (33.3% of $4.5 million settlement); *Puglisi v. TD Bank, N.A.*, No. 13 Civ. 637 (GRB), 2015 U.S. Dist. LEXIS 100668, at *3–4 (E.D.N.Y. July 30, 2015) (awarding 33.3% of $9.9 million settlement); *Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 U.S. Dist. LEXIS 4067, at *4, *23 (E.D.N.Y. Jan. 20, 2010) (33.3% of $9.25 million settlement); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d at 123 (approving multiplier of 3.5 on appeal); *Zeltser v. Merrill Lynch & Co.*, No. 13-cv-1531 FM, 2014 WL 4816134, *9–10 (S.D.N.Y. Sept. 23, 3014) (approving multiplier of 5.1 and citing numerous cases, including referring to cases where multiplier ranged as high as 19.6); *Shapiro*, 2014 WL 1224666, at *24 (approving multiplier of 3.05). Moreover, any attorneys' fees

17

and expenses will be paid only after being awarded by the Court and after the Settlement receives

final approval. *See* SA, ¶ 5.03. Accordingly, this factor weighs in favor of granting final approval.

### d. Rule 23(e)(2)(C)(iv) - There Are No Additional Agreements Required To Be Identified Under Rule 23

Next, the Court should consider whether there are any other agreements "required to be

identified under Rule 23(e)(3)[.]" Fed. R. Civ. P. 23(e)(2)(C)(iv). There are no agreements required

to be identified.

### e. Rule 23(e)(2)(D) - Class Members Are Treated Equitably

The final Rule 23 inquiry is whether the Settlement Agreement "treats class members

equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). As detailed above, the Settlement

Agreement applies to all Settlement Class Members equally as they are each able to receive

reimbursement for products purchased *with* proof of purchase and *without* proof of purchase. SA,

¶ 4.03; *See In re Payment Card*, 330 F.R.D. at 47 (finding equitable treatment where uniform

benefits were made available to the class); *see also Rosenfeld*, 2021 WL 508339, at *7 (class

members treated equitably where "agreement appropriately and fairly accounts for the key point of

differentiation among class members' claims"). For these reasons, the Class Members are treated

equitably relative to each other, which supports granting final approval of the Settlement.

### f. *Grinnell* Factor No. 2 - Settlement Class Members' Reaction

"It is well settled that the reaction of the class to the settlement is perhaps the most

significant factor to be weighed in considering its adequacy. In fact, the lack of objections may well

evidence the fairness of the Settlement." *In re Payment Card Interchange Fee & Merch. Disc.

Antitrust Litig*., 2019 WL 6875472, at *16; *Wal-Mart*, 396 F.3d at 118 ("If only a small number of

objections are received, that fact can be viewed as indicative of the adequacy of the settlement.").

Here, the Settlement Class's initial reaction to the Settlement is very positive and strongly

supports final approval. The claims deadline was October 11, 2022. A total of 385,075 claims were

received by the filing deadline, which was reduced to a valid claims amount of 129,039. *See* Simpluris Supp. Decl., ¶¶ 3–6. Even with the deletion of the fraudulent claims, the Settlement was still well-received by the Settlement Class members. *Id.*

Moreover, a lack of class member objections "may itself be taken as evidencing the fairness of a settlement." *RMED Int'l, Inc. v. Sloan's Supermkts., Inc.*, No. 94 Civ. 5587, 2003 WL 21136726, at *1 (S.D.N.Y. May 15, 2003); *see also Wal-Mart Stores, Inc.*, 396 F.3d 96 (affirming approval of class action settlement with 18 merchant objectors). The deadline for objections and to request exclusion was August 27, 2022. Here, the reaction of the Class has been overwhelmingly positive. Only one Class Member has requested exclusion, and no objections were filed. *See* Simpluris Decl. ¶ 14. The overwhelmingly positive reaction from the Settlement Class strongly favors granting final approval.

### g. *Grinnell* Factor No. 3 - The Stage of the Proceeding Warrants Final Approval

The next factor is "whether the parties . . . counsel possessed a record sufficient to permit evaluation of the merits of Plaintiffs' claims, the strengths of the defenses asserted by Defendants, and the value of Plaintiffs' causes of action for purposes of settlement." *In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *7 (S.D.N.Y. July 21, 2020). Here, Plaintiffs vigorously litigated the Action for months, including an extensive pre-suit investigation, the preparation of detailed complaints, attending settlement conferences, and successfully opposing aggressive motions— including Hello's motions to dismiss. In addition, Plaintiffs obtained relevant informal discovery from Hello. Through these efforts, the Parties were well informed and were able to reach the proposed Settlement which provides substantial monetary and equitable benefits to the Settlement Class.

### h. *Grinnell* Factor No. 7 - Whether Defendant Can Withstand a Substantially Greater Judgement

In an action against a large corporation, the defendant "is likely to be able to withstand a more substantial judgment." *In re Vitamin C Antitrust Litig.*, No. 06-MD-1738 (BMC) (JO), 2012 WL 5289514, at *6 (E.D.N.Y. Oct. 22, 2012). However, this alone does not undermine the reasonableness of the settlement. *See id.*; *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 327 F.R.D. 483, 494 (S.D.N.Y. 2018) (settlement "fairness does not require that the [defendant] empty its coffers before this Court will approve a settlement"). Here, while Hello could arguably withstand a greater judgment, there was substantial risk that Plaintiffs would not be able to achieve better results than those presented through the Settlement.

### i. *Grinnell* Factor Nos. 8-9: Range of Reasonableness of Settlement

The final *Grinnell* factors require the Court to consider both "the range of reasonableness of the settlement fund in light of the best possible recovery" and "the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013); *see also In re Payment Card*, 330 F.R.D. at 47-48 (these factors "are often combined for the purposes of analysis."). In analyzing these factors, the Court should also consider the risks of litigation, as outlined above, as "[t]he range of reasonableness for a settlement is 'a range which recognizes the uncertainties of law and fact in any particular case and concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Rosenfeld*, 2021 WL 508339, at *8 (quoting *Wal-Mart Stores*, 396 F.3d at 119).

The total potential value of this Settlement is substantial. Pursuant to the Settlement Agreement, Hello will contribute $1,400,000.00 to fund the Settlement Fund. SA, ¶ 4.01. The Settlement Fund will be used to pay all Court-approved Settlement payments, including without limitation the Cash Awards, Notice and Administration Costs (except as stated below with respect to the Notice Costs), any Attorneys' Fee and Expense Award, and any Service Award. *Id.* Notwithstanding the above-described payment by Hello into the Settlement Fund, Hello will also

pay Notice Costs of up to $100,000.00 directly to the Settlement Administrator on an as-incurred basis. *Id.* In view of the foregoing, Plaintiffs submit that the non-monetary and monetary benefits provided by the Settlement exceed the range of reasonableness for similar class actions.

The value achieved through the Settlement Agreement is guaranteed, whereas the chances of prevailing on the merits are uncertain. While Plaintiffs strongly believe in the merits of their case, they also understand that Hello will assert a number of potentially case-dispositive defenses. Proceeding with litigation would open Plaintiffs to the risks inherent in trying to achieve and maintain class certification and prove liability—both factors considered under the test for final approval established by *Grinnell*. While Plaintiffs are confident in their position, Plaintiffs' success at trial is far from certain. Moreover, every day that passes is another day that the Plaintiffs and Settlement Class Members go without the reimbursement provided by the Settlement. Through the Settlement, Plaintiffs and Settlement Class Members gain significant benefits without having to face further risk of not receiving any relief at all.

## V.   THE SETTLEMENT CLASS SHOULD BE CERTIFIED

In the Preliminary Approval Order, the Court preliminarily certified the Settlement Class, finding that the required Rule 23 elements were met (ECF No. 75 at 4–5). Now, at the final approval stage, the Court's preliminary conclusions remain appropriate. Indeed, for Settlement purposes, the Settlement Class still meets the requirements of Rule 23(a).

### A.   Numerosity

Numerosity is satisfied here because Defendant's records indicate that there were at least 23,946 Settlement Class Members and there were over 129,000 valid claims made. Simpluris Decl., ¶ 7; Simpluris Supp. Decl. ¶¶ 3–6. In the Second Circuit, "a proposed class of more than forty members presumptively satisfies the numerosity requirement…" *Kelen v. World Fin. Network Nat. Bank*, 295 F.R.D. 87, 92 (S.D.N.Y. 2013) (collecting cases). Accordingly, because the

Settlement Class is well over forty members, numerosity is satisfied.

### B.  Commonality

Commonality is met because there are numerous issues of fact and law common to the Settlement Class, including: (1) whether Hello issued express warranties concerning its products; (2) whether those affirmations of fact or promises were made to members of the Class; (3) whether Hello engaged in false advertising in violation of state and federal laws; (4) whether Hello intentionally misrepresented the benefits and effectiveness of the Products; and (5) whether Hello engaged in deceptive acts and practices in violation of state and federal laws. *See* Third Am. Class Action Compl., ECF No. 76. As a result, commonality is satisfied for purposes of final approval of the Settlement.

### C.  Typicality

Typicality is satisfied because the same allegedly unlawful conduct by Defendant was directed at, or affected, Plaintiffs and the members of the Settlement Class. Plaintiffs allege that they and all members of the Settlement Class purchased the Product based upon Defendant's false advertising and promises, and that the Products did not meet their expectations. In addition, Plaintiffs assert that Defendant's alleged conduct that gave rise to these claims is the same for all Class Members. Typicality requires nothing more, thus this requirement is met.

### D.  Adequacy

Adequacy is met because Plaintiffs possess the same interests as the proposed Settlement Class Members because all were allegedly injured in the same manner – they purchased the Products based on promises and warranties made by Defendant and that the Products did not, and could not, work as advertised. Furthermore, adequacy is met because Class Counsel are qualified, experienced, and generally able, and have adequately conducted the litigation, therefore, there is adequacy of representation. Federman Decl., ¶¶ 3–5, 9, 21.

## VI.    THE SETTLEMENT CLASS MEETS THE REQUIREMENTS OF RULE 23(b)

The Settlement meets the requirements of Rule 23(b) for settlement purposes. Common questions predominate here, including questions of (1) whether Hello issued express warranties concerning its products; (2) whether those affirmations of fact or promises were made to members of the Class; (3) whether Hello engaged in false advertising in violation of state and federal laws; (4) whether Hello intentionally misrepresented the benefits and effectiveness of the Products; and (5) whether Hello engaged in deceptive acts and practices in violation of state and federal laws. *See* Third Am. Class Action Compl., ECF No. 76.

Finally, class certification, for settlement purposes, is superior to other methods available to fairly, adequately, and efficiently resolve the claims of thousands of Settlement Class Members who would otherwise need to provide nearly the same, if not identical, legal and factual arguments and evidence. It will also conserve judicial resources by limiting the number of individual claims before the Court. Accordingly, final certification of the Settlement Class is appropriate.

## VII.    THE NOTICE ADEQUATELY APPRISED CLASS MEMBERS

To satisfy due process, notice to class members must be the best practicable, and reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Fed. R. Civ. P. 23(e); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Notice provided to the class must be sufficient to allow class members "a full and fair opportunity to consider the proposed decree and develop a response." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 315 (1950). While individual notice should be provided where class members can be located and identified through reasonable effort, notice may also be provided by U.S. Mail, electronic means, or other appropriate means. Fed. R. Civ. P. 23(c)(2)(B); *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 702 (S.D.N.Y. 2019). As the Court preliminarily found, the Notice to the Settlement Class satisfies the requirements of Rule 23(c)(2)(B), which requires "the best notice that is practicable under the circumstances, including

individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also* Order Granting Prelim. Approval of Class Settlement and Direction of Notice Under Rule 23(e) at 13, ECF No. 75 (approving the Notice Program).

Here, the Settlement Administrator employed direct notice, sending the Summary Notice to Settlement Class Members Defendant identified via email directly. *See* Simpluris Decl., ¶¶ 5–8; SA, ¶ 9.09(a).  In addition, the Settlement Administrator employed online advertisements. *See* Simpluris Decl., ¶¶ 8–9. Further, Simpluris established a publicly accessible Settlement Website through which Settlement Class Members could submit Claim Forms, refer for information about the Settlement and download and view Claim Forms. *Id.* ¶¶ 8, 11–12.; *See* Exhibit "C" (picture of Settlement Website). As of October 21, 2022, the Settlement Website was visited by 1,125,465 unique visitors and received 1,053,071 page views. Simpluris Decl., ¶ 12.

The proposed Notices are plain and easily understood. The Notices describe the claims, the relief provided under the Settlement, and Settlement Class Members' rights and options, including the deadlines and means of submitting a Claim Form, objecting, and/or appearing at the Final Approval Hearing.  Plaintiffs submit that the Notice Program issued pursuant to the Settlement meets the requirements of due process and the Federal Rules of Civil Procedure, supporting final approval.

## VIII.   CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court grant their motion for final approval and enter an order substantially similar to the proposed Order for Final Judgment, filed contemporaneously.

Dated: December 6, 2022

Respectfully submitted,

/s/ *William B. Federman*
William B. Federman
(S.D. New York #WF9124)

FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
(405) 235-1560
(405) 239-2112 (facsimile)
wbf@federmanlaw.com

David Pastor, admitted *pro hac vice*
Pastor Law Office, LLP
63 Atlantic Avenue, 3rd Fl.
Boston, MA 02110
(617) 724-9700
Dpastor@pastorlawoffice.com

*Counsel for Plaintiffs and the Proposed Class*

### CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ William B. Federman
William B. Federman