```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   1/10/2023
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>

SHANNON RUSSELL AGUIRRE
EDWARD BLOTNICKI III, SANDRA
BURNS, JOHN BRILEY, BENJAMIN
CARTER, TINA CASH, DANIEL
DURGIN, STEFANIE EMERICK,
TAWANA HUSTON, ERIC FISHON,
ERICA PARKS, SARAH PATELLOS,
ROMONA REED, CHRIS SMITH,
KRISTIN STELEA, PEGGY TATUM,
TIMOTHY THOMAS, CHRISTINA
VAIN, and TIA WINSTON, on behalf
of themselves and others similarly
situated,[1]

       **Plaintiffs,**

    **v.**

HELLO PRODUCTS, LLC,

       **Defendant.**

</td><td>

**Case No. 1:19-cv-09577-SDA**

</td></tr>
</table>

## FINAL ORDER AND JUDGMENT

WHEREAS, in or about June 2022, the Parties entered into a Class Action Settlement
Agreement (Settl. Agmt., ECF No. 73-3); and

WHEREAS, on June 10, 2022, Plaintiffs filed a motion for preliminary approval of the class
settlement (Mot. for Prelim. Approval, ECF No. 72), which Defendant did not oppose; and

WHEREAS, on June 15, 2022, this Court entered an Order preliminarily approving the
settlement on behalf of the Rule 23 class set forth therein; provisionally certifying the Settlement
Class; appointing Federman & Sherwood ("F&S") and Pastor Law Office, LLP ("Pastor Law") as Class

---

[1] On June 15, 2022, Plaintiffs filed a Third Amended Complaint listing Shannon Russell Aguirre as the first
named plaintiff. (*See* TAC, ECF No. 76.) The Clerk of Court is respectfully requested to amend the case caption
to list Ms. Aguirre in place and stead of Sarah Patellos as the first named plaintiff.

Counsel; appointing Simpluris, Inc. ("Simpluris") as Settlement Administrator; and authorizing notice to all Class Members, *see Patellos v. Hello Prod., LLC*, No. 19-CV-09577 (SDA), 2022 WL 2159566, at *3 (S.D.N.Y. June 15, 2022); and

WHEREAS, on June 21, 2022, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), notices were sent informing the appropriate state and federal Attorneys General about the Settlement (Lecher Decl., ECF No. 84-2, ¶ 4); and

WHEREAS, on December 6, 2022, Plaintiffs filed a Motion for Final Approval of the Class Action Settlement (Motion for Final Approval, ECF No. 82), which Defendant did not oppose; and

WHEREAS, on December 6, 2022, Plaintiffs also filed a Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses and Service Awards to Plaintiffs (Motion for Attorneys' Fees & Service Awards, ECF No. 83), which Defendant did not oppose; and

WHEREAS, the Court held a fairness hearing on January 10, 2023 (the "Fairness Hearing"), and no objections were lodged to the settlement, the service award or the attorneys' fees and expenses.

NOW, THEREFORE, having considered the Motion for Final Approval, the Motion for Attorneys' Fees and Service Awards, the arguments presented at the Fairness Hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing, and for good cause shown, it is hereby **ORDERED, ADJUDGED AND DECREED**, as follows:

1.      For purposes of this Final Order and Judgment ("Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement (ECF No. 73-3) filed in this case.

2.      The Court has jurisdiction over the subject matter of the litigation, Plaintiffs,  the
Settlement Class Members and the Defendant (collectively the "Settling Parties").

3.      With respect to the Settlement Class and for purposes of approving this Settlement
only, this Court finds as to the Settlement Class that:

      a.      the Class is so numerous that joinder of all members is impracticable;

      b.      there are questions of law and fact common to the Class;

      c.      the claims of Plaintiffs are typical of the claims of the Class;

      d.      Plaintiffs will fairly and adequately protect the interests of the Class;

      e.      questions of law and fact common to class members predominate over any
            questions affecting only individual Class Members; and

      f.      a class action is superior to other available methods for fairly and efficiently
            adjudicating the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of, and
solely in connection with, the Settlement, the Court certifies this action as a class action on behalf of
the following Settlement Class:

      All purchasers of the Products at the time the Products launched until
      the date the Court enter[ed] an order preliminarily approving the
      Settlement Agreement [*i.e.*, June 15, 2022].

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of
the Settlement only, Plaintiffs are certified as the Class Representatives, and William B. Federman of
F&S and David Pastor of Pastor Law are certified as Class Counsel.

6.      The Parties have complied fully with the notice provisions of CAFA.

7.      Based on evidence and other material submitted in conjunction with the Fairness
Hearing, the Court hereby finds and concludes that the Notice Program outlined in the Settlement

Agreement, the Settlement Website, the Toll-free telephone helpline, the Online Notice, the opt-out and claims submission procedures set forth in the Settlement Agreement, and all other aspects of the Notice Program fully complied with this Court's Preliminary Approval Order, fully satisfied Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class.

8.    The Court finds that there are no exclusions from the Settlement Class. There was one individual, named Andrew McClarty, who sent an email requesting exclusion from the Class. (*See* 7/13/22 Email, ECF No. 84-2.) However, Mr. McClarty's exclusion request was deficient because he did not provide his address or telephone number and he did not sign a request for exclusion.[2] During the Fairness Hearing, the Court was advised that Mr. McClarty did not respond to a deficiency notice sent to him. In these circumstances, the Court finds that Mr. McClarty's request for exclusion is invalid. *Cf. Stuart v. State Farm Fire & Cas. Co.*, 332 F.R.D. 293, 300 (W.D. Ark. 2019) (permitting class members to opt out of class only by letter mailed to third-party administrator, not by email, provided necessary due process to class members).

9.    The Court finds that the Settlement Agreement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated

---

[2] The notice sent to members of the Settlement Class stated in relevant part:

> Requests for Exclusion <u>must</u> be either (a) electronically signed and submitted to the Settlement Administrator through the Settlement Website or (b) be mailed to the Settlement Administrator . . .

> Requests for Exclusion <u>must</u>: (a) include the individual's name, current address, and telephone number; (b) contain a statement that he/she wants to be excluded from this Action; and (c) be signed personally by the Settlement Class Member who is requesting exclusion.

> No Request for Exclusion will be valid unless it complies with these requirements.

(*See* Notice of Class Action Settlement, ECF No. 73-5 at PDF p. 6 (emphasis in original).)

the merits of Plaintiffs' claims through factual and legal investigation. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

10.    The Court also finds that the Settlement is substantively fair. The factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. Specifically, the Court finds that the settlement is adequate given, among other factors: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; and (6) that the total settlement amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation.[3] *See Grinnell*, 495 F.2d at 463. Thus, the Court finds and concludes that the Settlement is fair, reasonable and adequate, and should be approved.

11.    The Court hereby approves the Settlement (as set forth in the Settlement Agreement), the releases of the Released Claims, and all other terms in the Settlement Agreement, as fair, just, reasonable and adequate as to the settling parties.  The Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.  However, without seeking further Court approval, the settling parties may jointly agree to make changes to the Settlement Agreement, including to the manner in which the claims process shall be administered, provided that those

---

[3] "It cannot be overemphasized that neither the trial court in approving the settlement nor [the Second Circuit] in reviewing that approval have the right or the duty to reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute." *Grinnell*, 495 F.2d at 456. "Defendants in class action suits are entitled to settle claims pending against them on a class-wide basis even if a court believes that those claims may be meritless, provided that the class is properly certified under Rules 23(a) and (b) and the settlement is fair under Rule 23(e)." *In re Am. Int'l Grp., Inc. Sec. Litig.*, 689 F.3d at 243-44 (2d Cir. 2012).

changes do not reduce the benefits to which Settlement Class Members may be entitled, increase the burden on Settlement Class Members in making a Claim, or otherwise materially alter the Settling Parties' obligations under the Settlement and the Settlement Agreement.

12.     By this Judgment, the Releasing Persons shall be deemed to have (and by operation of the Judgment shall have) fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons.

13.     This action is dismissed with prejudice. The settling parties are to bear their own attorneys' fees and costs, except as otherwise expressly provided in the Settlement Agreement and in this Judgment.

14.     Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Persons may file the Settlement Agreement and/or the Judgment from this litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.     If for any reason the Effective Date does not occur, then (a) the certification of the Settlement Class shall be deemed vacated, (b) the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and (c) the settling parties shall return to the status quo ante in the litigation as it stood prior

6

to the execution of the Settlement Agreement, without prejudice to the right of any of the settling parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

16.     Plaintiffs' Motion for Attorneys' Fees and reimbursement of expenses is GRANTED. Class Counsel is awarded $420,000.00 in attorneys' fees, consistent with the terms of the Settlement Agreement. The Court finds the amount of attorneys' fees to be fair and reasonable based on, among other things: (A) the number of hours worked by Class Counsel; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised; (E) a lodestar cross-check; and (F) Class Counsels' recognized experience and expertise in the market. *See Goldberger v. Integrated Res.*, 209 F.3d 43, 50 (2d Cir. 2000).

17.     The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $21,300.90, which are expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting this action.

18.     Plaintiffs' Motion for Service Awards to Class Representatives is GRANTED. Consistent with the terms of the Settlement Agreement, Plaintiffs Patellos and Fishon shall be paid Service Awards in the amount of $3,500.00 each, and each Other Claimant shall be paid $350.00 each, in recognition of the services they each rendered on behalf of the Class.

19.     Per the Settlement Agreement, the fees, expenses and service awards shall be paid from the Settlement Fund.

20.     Each and every Settlement Class Member, Releasing Persons, and any Person actually or purportedly acting on behalf of any Settlement Class Member or Releasing Persons, is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class

or putative class, representative, or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Persons. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

21.     This document is a final, appealable order, and shall constitute a judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure. By incorporating the Settlement Agreement's terms herein, the Court determines that this Final Judgment complies in all respect with Federal Rule of Civil Procedure 65(d)(1).

22.     The Court retains jurisdiction, without affecting in any way the finality of this Order and Judgment, over (a) the implementation and enforcement of this Settlement; (b) enforcing and administering this Order and Judgment; (c) enforcing and administering the Settlement Agreement, including any releases executed in connection therewith; and (d) other matters related or ancillary to the foregoing.

23.     The Clerk of Court respectfully is requested to enter Judgment and close this case.

**SO ORDERED.**

Dated:        New York, New York
              January 10, 2023

                                    _____
                                    STEWART D. AARON
                                    United States Magistrate Judge